872 F.2d 1028
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Velma R. SMITH, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1576.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges and LIVELY, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 In this social security case, claimant Velma R. Smith appeals from the denial of disability benefits under the Social Security Act, 42 U.S.C. Secs. 416(i), 423. She was denied benefits by an Administrative Law Judge, and the Appeals Council refused her request for review. The Secretary has thus adopted the decision of the ALJ. Smith then filed an appeal in United States District Court for the Eastern District of Michigan. Judge Hackett referred the matter to a magistrate, who recommended that the Secretary's motion for summary judgment be granted. Judge Hackett accepted that recommendation, adopted the magistrate's report, and issued an order dismissing this case. This appeal followed.
 
 
 2
 At the time Smith made her application she was 58 years old and unemployed; she had not held a job since 1979. She based her claim of total disability on an injury to her foot, on arthritis in her right arm and hand, and on alcoholism. Her previous work experience included a job as an assembler for a four-year period during the late 1960's and a job as a trim-press operator from 1969 to 1979. She completed high school, but has never been given further job-related training.
 
 
 3
 The Secretary, by adopting the ALJ's Decision, determined that Smith was not disabled because she was capable of performing work she has done in the past. 20 C.F.R. Sec. 404.1520(e). According to the analytic scheme set up in Section 404, this determination resolves Smith's claim against her at the fourth of five analytic steps. The Secretary thus never reached the fifth step, at which the question is whether, inasmuch as the claimant's impairment is so severe as to preclude her doing her past work, other factors such as age, education, past work experience and residual functional capacity would allow her to do some other kind of work. 20 C.F.R. Sec. 404.1520(f).
 
 
 4
 We discern four separate challenges to the Secretary's disposition of Smith's claim. First, Smith challenges the determination that the work she performed during the 1960's as an assembler can be considered past relevant work. Second, she attacks the Secretary's determination that she can perform sedentary work. Third, she argues that the relevant regulations establish a presumption that a person of her age, education and work experience who is limited to sedentary work is disabled. Fourth, she asserts that the Secretary improperly failed to find that she was disabled by alcoholism from 1979 to 1982 and thus improperly failed to grant her a "closed period" of benefits for that disability.
 
 
 5
 In reviewing these arguments, we are bound to a very narrow scope of review. The question before us is whether the Secretary's decision, as reflected in the decision of the ALJ and the Appeals Council, is supported by substantial record evidence. 42 U.S.C. Sec. 405(g); Mullen v. Secretary of Health and Human Services, 800 F.2d 535 (6th Cir.1986). If the answer to that question is "Yes," we may not even inquire whether the record could support a decision the other way. Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n. 4 (6th Cir.1986). Substantial evidence has been defined as evidence that a reasonable mind might accept as adequate to support the challenged conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 6
 We find, upon a review of the record, that the challenged determinations of the ALJ were all supported by substantial record evidence.
 
 
 7
 First, the record provides evidence which, under existing legal standards, would allow a reasonable mind to conclude that Smith's work as an assembler is past relevant work. Smith testified that she worked at Hall Lamp Company for several years in the latter part of the 1960's. Tr. 45. She was unable to remember the exact dates. Smith objects, on the grounds of 20 C.F.R. Sec. 404.1565, that work done fifteen years before her insured status expired (on October 1, 1984) cannot be considered past relevant work.
 
 
 8
 Though the ALJ did not specifically analyze the applicability of Smith's assembly experience in light of 20 C.F.R. Sec. 404.1565(a), his finding that it was relevant past work was reasonable whether or not he found it to have ended more than 15 years before her insured status expired. The regulations permit the Secretary, and thus the ALJ, to conclude that work performed before the 15-year period is nevertheless relevant past work, and in this case such a conclusion would be reasonable; and it was equally reasonable to conclude that the work in question did not end before the 15-year period. The record amply supports either reasoning.
 
 
 9
 First, even if the ALJ found that Smith's assembly work ended fifteen years before her insured status expired--i.e., before 1969--he was not therefore bound, as Smith asserts he was, to conclude that that work experience could not be "past relevant work" for the purpose of answering the question posed by 20 C.F.R. Sec. 404.1520(a). Smith has overread this provision:
 
 
 10
 We consider that your work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity. We do not usually consider that work you did 15 years or more before the time we are deciding whether you are disabled (or when the disability insured status requirement was last met, if earlier) applies. A gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply. The 15-year guide is intended to insure that remote work experience is not currently applied.... However, even if you have no work experience, we may consider that you are able to do unskilled work because it requires little or no judgment and can be learned in a short period of time.
 
 
 11
 20 C.F.R. Sec. 404.1565(a) (emphasis added). By the very terms of this regulation, fifteen years is not a bright-line rule but a "guide" intended to help the Secretary avoid concluding that a claimant who has worked in a job requiring certain marketable skills retains marketable skills after the workplace has changed in its requirements. The regulation states that the Secretary does not "usually" consider work beyond the fifteen-year period to be applicable: giving the conventional meaning to the word "usually" means that the Secretary sometimes does look to work done before the fifteen-year period. As the last sentence quoted just above suggests, the rationale of the fifteen-year guide does not apply where the question concerns unskilled work. On this question the Fifth Circuit has concluded: "In deciding whether to pretermit such dated work experience, ... the Secretary is entitled to consider the particular kind of work involved and the extent to which the skills and abilities required have in fact changed over the years." Bowman v. Heckler, 706 F.2d 564, 567 (5th Cir.1983). We therefore conclude that the fifteen-year cutoff of Sec. 404.1565(a) is not mandatory, and need not be invoked where the work experience in question was unskilled. Inasmuch as the Vocational Expert characterized Smith's assembly work at Hall Lamb as unskilled, Tr. 72, then, the Secretary was not obligated by Sec. 404.1565(a) to conclude that that work was not relevant past work. Indeed, such a conclusion would seem to be amply supported by both the language and the policies expressed in this regulation.
 
 
 12
 Even if the 15-year rule did require that work such as Smith's work at Hall Lamp not be applied, however, the record supports a conclusion that Smith's work at Hall Lamp did not end before the beginning of the fifteen-year period. Smith testified that she could not remember when her four-year stint with Hall Lamp ended, but that she worked there from the mid to the late 1960's. Any work after October 1, 1969 automatically qualifies as relevant past work. The ALJ could reasonably conclude from Smith's testimony that she worked through 1969 at Hall Lamp. The propriety of such a conclusion is strengthened by the fact that Smith bore the entire burden of proving her entitlement to disability benefits, May v. Gardner, 362 F.2d 616, 617 (6th Cir.1966), a burden that includes the burden of showing that certain work experience is not relevant past work.
 
 
 13
 We therefore conclude that, however the ALJ analyzed the question whether Smith's experience at Hall Lamp constituted relevant past work, he had ample record evidence to support his conclusion that it did.
 
 
 14
 Smith's second contention is that, once the ALJ concluded that her residual functional capacity limited her to sedentary work, he could not rationally conclude that her work at Hall Lamp was within her ability. She relies in part on the following testimony of the vocational expert:
 
 
 15
 The assembler at Hall could have been classified as light. The option was available to sit and/or stand. The lifting requirements were certainly within the sedentary limitations. They were ounces to light pounds.
 
 
 16
 Tr. 72. Smith asks us to ignore the plain meaning of this testimony: that a person doing the work at Hall Lamp had the option of performing it as sedentary work, as standing work, or as a mixture of the two. That is what "and/or" means. Indeed, the vocational expert later explicitly stated that "[t]he Hall job ... had the option. One could do it sitting or standing." Tr. 80. We see no error in the ALJ's conclusion that a person limited to sedentary work could perform the assembly job.
 
 
 17
 Further, we see no error in concluding that Smith possessed the manual dexterity to perform the Hall job. The ALJ found that Smith could do any sedentary work "which does not require strong gripping with the right hand." This is not a finding that she lacks manual dexterity in that hand--it is rather a conclusion, directly supported by the clinical conclusions of the only physician who found significant impairments to Smith's hand (Dr. Lipton, JA 200-201), that she should not engage in strenuous exertions with that hand. The record thus amply supports the ALJ's decision that Smith retained the ability to perform her past relevant work.
 
 
 18
 Smith's third argument is that the Medical-Vocational Guidelines (the "Grid") set forth at 20 C.F.R. Chap. III, Part 404, Subpart P, App. 2 establishes a presumption that a person of her age, education and work experience who is limited to sedentary work is disabled. This argument must be rejected as a matter of law. The regulation Smith cites, by its own terms, specifies that it is to be applied "where an individual with a severe medically determinable physical or mental impairment(s) is not engaging in substantial gainful activity and the individual's impairment(s) prevents the performance of his or her vocationally relevant past work." 20 C.F.R. Part 404, Subpart B, App. 2, Sec. 200.00(a). In Smith's case, as we have held, the ALJ had substantial evidence for his conclusion that she could perform her relevant past work as an assembler. The Grid is therefore inapplicable to her case.
 
 
 19
 Finally, Smith asserts that the ALJ improperly failed to find that she was disabled by alcoholism from 1979 to 1982 and thus improperly failed to grant her a "closed period" of benefits for that disability. We have held that, when a claimant has suffered a temporary disability that, if it had persisted, would entitle her to benefits, benefits for the "closed period" of total disability may be awarded. The Secretary may conduct all the relevant factfinding in a single hearing. Myers v. Richardson, 471 F.2d 1265, 1267 (6th Cir.1972).
 
 
 20
 In this case, however, Smith has failed to support her burden of proving that she was disabled by her alcoholism. Construing the relevant Listing of Impairments, 20 C.F.R. Part 404, Subpart P, App. 1, Sec. 12.09 and Gerst v. Secretary of Health and Human Services, 709 F.2d 1075 (6th Cir.1983), this court has held that "the mere inability to control alcohol intake is not sufficient to allow for a finding of disability. There must be serious interference with the claimant's normal day-to-day activities." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 842 (6th Cir.1986). Smith's proof completely misses this crucial point. She testified that she was drinking heavily between 1979 and 1982, that she was unable to control her drinking, and that she lost interest in the church activities she was engaged in. Tr. 60, 64. She submits documents showing that she lost weight during this period. JA 236. But we see no evidence here or anywhere else in the record that would support the conclusion that her drinking kept her from pursuing her normal day-to-day activities. The ALJ therefore committed no error in failing to award benefits on the basis of Smith's period of alcoholism.
 
 
 21
 We have found none of Smith's challenges to the Secretary's disposition of her claim to require a reversal. The District Court's dismissal of this action is therefore affirmed.