927 F.2d 604
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Milton L. HINSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-6001.
 United States Court of Appeals, Sixth Circuit.
 March 5, 1991.
 
 On Appeal From the United States District Court for the Middle District of Tennessee, 89-00082, Marton, J.
 M.D.Tenn.
 AFFIRMED.
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff appeals from the Secretary of Health and Human Services' denial of social security disability benefits. We affirm the denial of benefits for the reasons set forth below.
 
 
 2
 Claimant Milton L. Hinson first filed an application for disability insurance benefits on July 9, 1981. The application was denied by an Administrative Law Judge (ALJ) on October 1, 1982. The denial was affirmed by the district court on August 3, 1983.
 
 
 3
 Hinson filed a new application for disability benefits on June 15, 1987. A hearing was held on May 12, 1988 before an ALJ, who found that Hinson was disabled after August 21, 1986, the date Hinson sought emergency room treatment for pneumonia. Because Hinson's insured status had expired on March 31, 1983, however, the ALJ denied the application for disability benefits. On appeal, the U.S. Magistrate and the district court affirmed the denial of benefits, granting the Secretary's motion for summary judgment.
 
 
 4
 Hinson suffers from chronic lung infections and other respiratory problems. Also, a thumb and finger on his right hand were amputated in 1973. He has not worked since 1979, though the ALJ concluded at the 1988 hearing that he could have continued to perform his duties as a security guard until 1986. Hinson's primary physician, Dr. Robert Hollister, traced Hinson's respiratory infections to bronchiectasis, a chronic dilation of the bronchi, marked by coughing and fatigue. Dr. Hollister treated Hinson from at least as early as 1981 through June 1986.
 
 
 5
 In reviewing the denial of disability benefits, we must accept the Secretary's findings of fact if they are supported by substantial evidence. 42 U.S.C. Sec. 405(g). Additionally, we must be certain that the Secretary applied the proper legal standards. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir.1986). This court may not retry the case de novo, nor resolve conflicts in the evidence, nor weigh questions of credibility, as long as the evidence is adequate to support the Secretary's conclusion. Smith v. Secretary of Health and Human Services, 893 F.2d 106, 108 (6th Cir.1989).
 
 
 6
 In this case, the Secretary's review necessarily focused on the very limited time period between October 2, 1982 and March 31, 1983. Before this period, the initial October 1, 1982 denial of disability benefits is res judicata for the present benefit application and the question of Hinson's date of disability. See Siterlet v. Secretary of Health and Human Services, 823 F.2d 918 (6th Cir.1987). After this six-month time period, Hinson no longer qualified for disability insured status under 42 U.S.C. Secs. 423(a)(1)(A) and (c)(1).
 
 
 7
 The ALJ considered Hinson's medical records and employment history. Dr. Hollister completed a physical capacities evaluation of Hinson in December 1981 which indicated that Hinson could perform light work activity. While Dr. Hollister testified that Hinson was totally and permanently disabled throughout the period of Hollister's treatment, the ALJ could properly conclude otherwise by weighing all of the evidence and making credibility determinations. Dr. Hollister was unable to produce any office notes relating to Hinson for the period after January 1982. Hinson therefore produced no new evidence from his treating physician which was not already presented at the time he was denied disability benefits in 1982. The ALJ is not bound by a treating physician's conclusory statements. Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 855 (6th Cir.1986).
 
 
 8
 We conclude that the findings of the Secretary are supported by substantial evidence. The ALJ weighed the conflicting medical evidence presented by three physicians, and reached reasonable factual conclusions in finding that Hinson had failed to show he could not perform his past duties as a security guard in the relevant 1982-83 time period, as required under 20 C.F.R. Sec. 404.1520(e) (1990). The ALJ found that Hinson's former work as a security guard from 1977 to 1979 required walking and standing but no lifting. This was supported by Hinson's own testimony. Such work falls within the definition of sedentary work under the Secretary's relevant regulation, 20 C.F.R. Sec. 404.1567(a) (1990), and the medical evidence does not indicate that Hinson could not perform such work in 1982-83.
 
 
 9
 The Secretary also applied the correct legal standard in determining the onset date of Hinson's disability, which "must be fixed based on the facts and can never be inconsistent with the medical evidence of record". Social Security Ruling 83-20 (Cumulative Ed.1983). The selected onset date need only be supported by substantial evidence, and the Secretary does not have to refute evidence of another date that could have been selected. See Blankenship v. Bowen, 874 F.2d 1116, 1121 (6th Cir.1989).
 
 
 10
 In this case, while the Secretary concedes that Hinson has chronic pulmonary problems, there was insufficient evidence to indicate that he was disabled during the relevant six-month period in 1982-83. While Hinson may suffer from a chronic condition, he is not entitled to disability benefits unless he was actually disabled before the Secretary's selected onset date. See Foster v. Bowen, 853 F.2d 483, 489 (6th Cir.1988). The ALJ concluded that the severity of Hinson's respiratory problems, complicated by pneumonia, rendered him disabled only after August 21, 1986. Thereafter, Hinson was unable to perform even sedentary work, as defined in 20 C.F.R. Sec. 404.1567(a) (1990).
 
 
 11
 Though sympathetic to Hinson's medical concerns, we cannot on the record presented conclude that the Secretary's findings for the relevant time period were not supported by substantial evidence. There is no objective basis for concluding that Hinson's condition had worsened to the point of disability after October 1, 1982 and before March 31, 1983. The judgment of the district court is AFFIRMED.