951 F.2d 349
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roberta FOY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-3235.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1991.
 
 Before MILBURN and SUHRHEINRICH, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Roberta Foy appeals from the district court judgment upholding the Secretary's denial of Disability Insurance Benefits and Supplemental Security Income. For the reasons stated below, we affirm the district court.
 
 FACTS
 
 2
 Foy was born January 8, 1940. She has a high school education and has worked as a shoe sales clerk and assistant sales manager. She last worked on July 21, 1984. On November 6, 1984, she applied for Disability Insurance Benefits under 42 U.S.C. §§ 401 et seq. and Supplemental Security Income benefits under 42 U.S.C. §§ 1381 et seq. Foy alleged disability due to phlebitis, asthma, arthritis, and high blood pressure.
 
 
 3
 Foy's applications were denied initially and upon reconsideration. Foy then requested a hearing before an administrative law judge (ALJ) which was held in November 1985. In May 1986, the ALJ issued a decision denying Foy benefits. The Appeals Council denied Foy's request for review. Foy sought review in the district court. Upon a magistrate's recommendation, the district court remanded the case to the Secretary for further findings on whether environmental factors would restrict Foy's ability to perform a full range of sedentary work. After a supplemental hearing before the ALJ, Foy's claims were again denied. Foy again sought review by the Appeals Council. In January 1989, the Appeals Council remanded the claim to the ALJ to obtain additional evidence and allow Foy to testify. The third hearing was held in October 1989 and shortly thereafter the ALJ issued a decision denying benefits on the grounds that Foy had the residual functional capacity to perform sedentary work limited by certain environmental restrictions. In April 1990, the Appeals Council denied review. The case was re-opened in the district court. Upon a magistrate's recommendation, the district court affirmed the Secretary's decision. Foy appealed to this court.
 
 ANALYSIS
 
 4
 This court's review is limited to whether the Secretary's decision is supported by substantial evidence. Smith v. Secretary of Health and Human Services, 893 F.2d 106, 108 (1989).
 
 
 5
 The ALJ found that Foy did not have an impairment or combination of impairments equal to one of the Secretary's Listings of Impairments. Foy contends that she meets Listing 10.10E for obesity. This Listing requires the claimant to have reached a certain weight and have respiratory disease with total forced vital capacity (FVC) of less than 2.0 liters. To meet the Listing, a female claimant must be 61 inches tall and weigh 236 pounds or be 62 inches tall and weigh 242 pounds. Foy asserts that she is 61 1/2 inches tall and her medical records show weights of 236 and 239 pounds. The only respiratory study in the record reports Foy's FVC as 1.87 liters. Thus, Foy concludes that she meets the Listing. However the record does not support Foy's contentions. In February 1985, Foy was measured at 62 1/4 inches and weighed 239 pounds. This was the maximum weight in the record and it does not meet the 242 pound requirement for females 62 inches tall. Thus, Foy's first assignment of error is without merit.
 
 
 6
 Aside from obesity, the ALJ found that Foy had the following impairments: obstructive pulmonary problems, history of glaucoma, hypertension (under good control), and a history of phlebitis. Additionally, Foy alleged that she has disabling pain in her left hand, arm, shoulder, neck, and head. Despite these impairments, the ALJ found that Foy retained the residual functional capacity to perform sedentary work with the following restrictions: no temperature extremes, relatively clean atmosphere, no climbing of ladders, and no work around dangerous machinery. Foy complains that the ALJ failed to give her subjective complaints adequate consideration or to make express credibility determinations regarding them. Again, the record does not support Foy's contentions.
 
 
 7
 In order to find disability on the basis of pain, there must be an objectively established medical condition of such severity that it can reasonably be expected to produce the disabling pain. Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986). The evidence did not reveal such a condition. In fact, Foy's treating physician and the examining physicians reported that Foy's musculoskeletal and neurological examinations were normal.
 
 
 8
 Foy also complains that the hypothetical questions the ALJ asked the vocational expert (VE) failed to take into account all her limitations including obesity, dizziness, and inability to concentrate due to her vision problems. Thus, Foy argues that the ALJ was not entitled to rely on the VE's conclusion that there are a significant number of jobs in the economy that she could perform. Additionally, Foy notes that the VE acknowledged that her vision impairment could compromise her ability to do certain jobs. Foy concludes that the theoretical ability to work is insufficient to defeat a disability claim where the record demonstrates that she is unable realistically to perform the work. Again, we cannot agree with Foy's contentions.
 
 
 9
 Here, the hypothetical assumed a person with the same age, education, and work experience as Foy who could perform sedentary work with limitations concerning temperature, cleanliness, ladders, and dangerous machinery. Thus, the hypothetical contained all the credible limitations supported by the objective medical evidence. A VE's response to a hypothetical that accurately portrays an individual's impairments constitutes substantial evidence for determining whether a disability exists. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779-80 (6th Cir.1987). The VE stated that there was a significant number of jobs in the economy such as order clerk, cashier, and ticket seller that such a person could perform. Although the VE acknowledged that Foy's vision problems might affect her ability to do some jobs such as assembly work, the ALJ noted that Foy's visual acuity was 20/20 and concluded that it would not affect her ability to do the jobs in the above categories.
 
 CONCLUSION
 
 10
 As discussed above, Foy's assignments of error are without merit. Additionally, we note that her treating physician found her able to perform sedentary work for forty hours a week. Examinations by examining physicians found her asthma and hypertension to be under control. While her eye doctor stated that her vision impairment "may affect close work such as fine manipulation or concentration," the record did not indicate that her abilities were actually affected. Thus, the Secretary's decision to deny benefits is supported by substantial evidence. Accordingly, we affirm the district court.