977 F.2d 582
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Archie L. McGREGOR, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-5005.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff Archie L. McGregor appeals the decision of the District Court upholding the Secretary's denial of disability insurance benefits and supplemental security income. For the reasons set forth below, we AFFIRM the decision of the District Court.
 
 I.
 
 2
 Plaintiff applied for benefits on February 16, 1988. He claimed to have been disabled by a back/shoulder injury in November, 1986. He was injured while working as an escort driver/set-up man for a mobile home transporter. He had worked at this job for about a month. Over the course of the next several years, plaintiff saw a succession of doctors, including various specialists. None of the physicians found any objective evidence that would explain plaintiff's allegations of pain and disability.
 
 
 3
 Plaintiff's claim was initially denied, and the matter was heard before an administrative law judge ("ALJ") on December 13, 1988. The ALJ considered the medical evidence, and determined that none of the physicians who had treated or examined plaintiff had identified an objective cause of his allegations of pain. The ALJ then referred plaintiff to an examining psychiatrist and an examining psychologist. The ALJ also enlisted the aid of Tom Wagner, Ph.D, a licensed psychologist, to serve as a psychological consultant. Dr. Wagner assessed plaintiff's entire record, as well as the reports and evaluations of the examining psychologist and psychiatrist.
 
 
 4
 The ALJ concluded that plaintiff had not produced sufficient evidence of an objective disorder supporting his pain complaints. The ALJ also found plaintiff's testimony about his physical and mental impairments to be conflicting and unreliable. For example, the ALJ noted that plaintiff claimed to be functionally illiterate as of 1986, although he received his GED degree in 1984. Plaintiff also claimed in one psychological examination that he had no trouble getting along with people, and related relatively normal social functioning, yet had also stated that he was severely depressed and greeted visitors to his home by pointing a shotgun at them. In light of these circumstances, the ALJ made an explicit factual finding that plaintiff's testimony "regarding the severity and duration of his symptoms and limitations is conflicting, inconsistent, exaggerated and not credible."
 
 
 5
 The ALJ determined that plaintiff had not introduced evidence of an impairment, or combination of impairments, sufficient to establish that he was under a disability as defined in the Social Security Act. The ALJ also determined that plaintiff had the residual functional capacity to perform his previous work as an escort driver. In the alternative, even if that employment did not constitute relevant past work, plaintiff was found to be capable of entry-level unskilled work at a light exertion level, as such work is performed in the national economy. Therefore, plaintiff was not eligible for the benefits sought.
 
 
 6
 Plaintiff sought review of this decision, but the Appeals Council denied review. Plaintiff then filed this action in District Court. The matter was referred to a magistrate judge, who concluded that the ALJ had assigned too much weight to Dr. Wagner's testimony in finding no disability, and so recommended that the Secretary's decision (per the ALJ) denying benefits be reversed. The Secretary objected to the report and recommendation of the magistrate judge, alleging that he simply reweighed the evidence and reached a conclusion different from that of the ALJ. Since the standard of review is one of substantial evidence, i.e., was there substantial evidence to support the ALJ's determination, the District Court rejected the magistrate judge's report and recommendation and affirmed the decision of the Secretary. Plaintiff now appeals.
 
 II.
 
 7
 Our review of disability determinations of the Secretary is very narrow; we consider whether the proper procedures and standards were followed in making the determination, and whether the determination is supported by substantial evidence in the record. 42 U.S.C. § 405(g); McCormick v. Secretary of Health and Human Servs., 861 F.2d 998, 1001 (6th Cir.1988). If the Secretary's decision is supported by substantial evidence, we must affirm, even if substantial evidence also supports a contrary decision. Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir.1989).
 
 
 8
 Plaintiff alleges error with respect to both elements of our review; he claims the Secretary failed to follow specific procedural mandates and substantive regulations, and he claims that the decision was not supported by substantial evidence. We find both contentions to be without merit.
 
 
 9
 Plaintiff identifies two principal manners in which the Secretary erred as a matter of law. First, he claims that the ALJ applied an improper standard in evaluating the overlapping and occasionally conflicting assessments of the examining psychiatrist, the examining psychologist and the advising psychologist, Dr. Wagner. We do not read the ALJ to have adopted the conclusion of Dr. Wagner over the directly contradictory conclusions of the examining psychiatrist and psychologist with regard to plaintiff's mental impairment. The examining psychologist and the examining psychiatrist did not, in fact, reach clear and harmonious conclusions as to the existence of a mental impairment, and their reports did not mandate a finding that plaintiff's degree of mental impairment precluded any residual functional capacity.[1] Therefore, the ALJ's evaluation of the entire record, including the use of the analysis of Dr. Wagner, the many examining physicians and the test results to conclude that plaintiff had only a moderate degree of mental impairment that left him eligible for entry level unskilled work, was not predicated on incorrect legal analysis and was supported by substantial evidence.
 
 
 10
 Similarly, with respect to the physical disability claim, plaintiff alleges legal error and insufficient evidence. We disagree. This Court has noted that "there must be objective evidence of an underlying medical condition. If such evidence exists, there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged disabling pain." Young v. Secretary of Health and Human Servs., 925 F.2d 146, 150-51 (6th Cir.1990). The ALJ considered the voluminous reports on plaintiff, but concluded that none of them contained any objective evidence of an underlying medical condition that would reasonably be expected to give rise to the alleged pain. Therefore, plaintiff has failed both dimensions of the Young standard.
 
 
 11
 Plaintiff also alleges error in the ALJ's conclusions with respect to residual work capacity. The ALJ found that plaintiff was capable of performing his previous job as an "escort/driver" for mobile home set-ups. In the alternative, the ALJ, relying on the testimony of a vocational expert, identified several fields encompassing thousands of jobs within the relevant economy for which plaintiff was eligible and capable. There was substantial evidence supporting both of these conclusions. Several examining physicians concluded that plaintiff was capable of light exertion work loads, and no physician found objective evidence of a medical condition precluding plaintiff from entry level, low exertion work. The vocational expert identified several occupations suitable for plaintiff. The ALJ concluded that plaintiff's impaired mental functioning did not render him disabled, either standing alone or in conjunction with his alleged physical ailments and limitations. That finding was supported by substantial evidence.
 
 III.
 
 12
 For the reasons set forth above, we AFFIRM the decision of the District Court.
 
 
 13
 JONES, Circuit Judge, dissenting.
 
 
 14
 The ALJ determined that McGregor's mental impairment did not constitute a disabling impairment within the meaning of 42 U.S.C. § 382c(a)(3)(A), (B). Because the ALJ used an improper legal standard, its determination is based on faulty grounds. Specifically, the ALJ erred by giving considerably more weight to the opinion of a non-examining medical advisor than to the combined opinions of two examining doctors. As a result, I respectfully dissent.
 
 
 15
 Generally, when the ALJ determines if a claimant is suffering from a severe mental impairment, the opinion of an examining physician is entitled to more weight than the opinion of a non-examining physician. Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir.1987); Sherrill v. Secretary of HHS, 757 F.2d 803 (6th Cir.1985). In Shelman, the applicant's two treating physicians found that he was disabled due to a lung condition. The medical advisor declared that the applicant would be able to perform certain sedentary work, however. The ALJ, taking the advisor's advice, found no disability. This court held the following:
 
 
 16
 While the ALJ was not bound by the opinions of plaintiff's treating physicians, he was required to set forth some basis for rejecting these opinions. The testimony of [the medical advisor] cannot provide a sufficient basis for rejecting the opinions of plaintiff's treating physicians since "the opinion of a non-examining physician is entitle to little weight if it is contrary to the opinion of the claimant's treating physician." Thus, the ALJ applied an erroneous legal standard with respect to the opinions of plaintiff's treating physicians.
 
 
 17
 821 F.2d at 321 (quoting Broughton v. Heckler, 772 F.2d 960, 962 (11th Cir.1985) (per curiam)) (citations omitted) (emphasis added).
 
 
 18
 Similarly, Sherrill holds that a non-examining physician's opinion, who testifies based on his review of the record, is entitled to less weight than the opinions of reports of physicians who had examined the applicant over a period of time. 757 F.2d at 805. This holding was bolstered by the fact than the non-examining physician in Sherrill was not a specialist in the area of the applicant's injury, whereas the examining physicians were specialists. Id.
 
 
 19
 Turning to this case, both of the examining doctors found McGregor unable to cope with many of the basic activities involved in working a job. The doctors rated McGregor on a scale which included a "fair" evaluation which means that the individual's ability to function is seriously limited, but not precluded, and a "poor" or "none" evaluation which means that the individual has no useful ability to function in this area. J.A. at 463-64. Drs. Amble and Cassidy ranked him as seriously limited or completely unable to function in the following categories: ability to relate to co-workers, to deal with the public, to deal with work stresses, to function independently, to maintain attention or concentration, to understand, remember and carry out complex job instructions, to behave in an emotionally stable manner, to relate predictably in social situations, or to demonstrate reliability. J.A. at 463-64, 469-70. One or the other examiners found his ability to function to be satisfactory in seven other areas, but in no category did both examiners agree that he should be ranked satisfactory. Based on the definition of a non-severe impairment, which is one that "does not significantly limit your physical or mental ability to do basic work activities," such as "responding appropriately to supervision, co-workers and usual work situations" and "dealing with changes in a routine work setting," 20 C.F.R. § 404.1521, McGregor's psychological examiners seem to believe that he is disabled for purposes of receiving benefits. Nonetheless, the medical advisor, upon reviewing the record, recommended that McGregor be found able to do certain sedentary jobs.
 
 
 20
 The ALJ determined that McGregor does not have a severe mental impairment. J.A. at 14. The ALJ based this determination on his findings that McGregor's claims of physical and mental impairment were not credible and that the reports of Drs. Amble and Cassidy were inconsistent, and on the recommendation of Dr. Wagner, his medical advisor. Specifically, the ALJ "concede[d] that upon receipt of the reports by Dr. Amble and Cassidy," he was nearly persuaded that McGregor was eligible for benefits. Id. "But for ... the need to utilize the services of an impartial psychological expert, the Administrative Law Judge may well have concluded that the claimant did have a severe samotoform disorder." Id. (emphasis added).
 
 
 21
 Based on the ALJ's statements, the ALJ considered the services of the medical advisor to be controlling weight. Placing such weight on Dr. Wagner's opinion is error, especially where the tests of the examining doctors revealed severe mental impairment and there was not substantial conflicting evidence.
 
 
 22
 For the foregoing reason, I would reverse the decision below and award benefits.
 
 
 
 [1]
 The Medical Assessment forms were completed by Dr. Bruce R. Amble, Ph.D, a psychologist, and Dr. Thomas M. Cassidy, M.D., a psychiatrist. Dr. Amble's form states that he found that McGregor had a fair ability to follow work rules, a fair ability to relate to co-workers, a fair ability to use judgment, a fair ability to interact with supervisors, a fair ability to function independently and a fair ability to maintain attention or concentration. He did find a poor ability, or no ability, to deal with the public and to deal with work stresses. Joint App. at 463. He also found a good ability to remember and carry out detailed, but not complex, job instructions, and a fair ability to carry out complex job instructions, as well as a fair ability to relate predictably in social situations and demonstrate reliability, although he had a poor ability, or no ability, to behave in an emotionally stable manner. Joint App. at 464. Dr. Cassidy's Medical Assessment form states he found defendant had a good ability to follow work rules and use judgment, and a fair ability to relate to co-workers, deal with the public, deal with work stresses, function independently, and maintain attention and concentration. Joint App. at 469. He also found a fair ability to understand, remember and carry out complex job instructions, behave in an emotionally stable manner, relate predictably in social situations and demonstrate reliability. Joint App. at 470. Thus, at least one of the examining doctors found he had a fair ability in each aspect of job performance despite his depression and literacy problems