983 F.2d 1065
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Juanita BROWN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-1120.
 United States Court of Appeals, Sixth Circuit.
 Dec. 28, 1992.
 
 Before NATHANIEL R. JONES and SILER, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant, Juanita Brown, appeals the district court's judgment, holding that substantial evidence supported the decision of the Secretary of Health and Human Services that Brown is vocationally qualified to perform a significant number of sedentary jobs in the national economy. The issue is whether the Secretary had substantial evidence to deny Brown's social security disability benefits under Title II of the Social Security Act ("Act"). See 42 U.S.C. § 405(g). For the following reasons, we AFFIRM the district court.
 
 
 2
 Brown alleges that she became disabled on August 15, 1980, due to back and neck injuries. The Administrative Law Judge ("ALJ") found that Brown met the requirements for insured status only through December 31, 1985, and that Brown had back and neck pain, but retained a capacity for sedentary work of a limited range. Thus, she was not disabled. The Appeals Council remanded the case to the ALJ to consider: (1) Brown's mental impairment; (2) Brown's pain under Social Security Ruling 88-13; and (3) any evidence Brown might submit regarding her age category as other than a "younger" individual as indicated by her chronological age. At the time of the second hearing, Brown was 55 years old. However, she was 49 years old at the time her insured status expired. This is defined as a younger individual under the grid. 20 C.F.R. § 404.1564.
 
 
 3
 After a supplemental hearing, the ALJ held that Brown: (1) suffered from several impairments but that these impairments did not meet or equal a condition set forth in the Listing of Impairments; (2) had the residual functional capacity to perform unskilled, sedentary work with a sit/stand option; (3) was unable to perform her past relevant work as a janitor but was able to perform a significant number of other jobs in the national economy; and (4) was not disabled. As the Appeals Council denied Brown's request for review, the ALJ's decision is the Secretary's final decision.
 
 
 4
 Brown sought judicial review in federal district court, and a Magistrate Judge found that the Secretary's decision was supported by substantial evidence. The district judge adopted the Magistrate Judge's Report and Recommendation ("Magistrate's Report"), and granted the Secretary's summary judgment motion.
 
 
 5
 While Brown was given an opportunity to submit any evidence which might bear on evaluating her as a person of age 50 or more, the record does not reflect that she submitted any evidence. At the supplemental hearing Brown testified that she experienced pain in her upper body, neck, shoulder, right arm, lower back, and right side of her leg and that her condition in 1990 is as severe as it was in 1984 and 1985. Brown has: (1) a high school diploma; (2) vocational training in radio broadcasting; and (3) past relevant work as a janitor, which has required her to lift a maximum of 100 pounds.
 
 
 6
 The Secretary's decision must stand if there is substantial evidence to support it. Smith v. Secretary of Health and Human Services, 893 F.2d 106, 108 (6th Cir.1989). If a party fails to object to any issue in a Magistrate's Report, she is precluded from subsequently raising the issue on appeal, even if other objections are filed. Howard v. Secretary of Health and Human Services, 932 F.2d 505, 508-09 (6th Cir.1991). This rule, which "preclud[es] appellate review of any issue not contained in the objections, prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing." Thomas v. Arn, 474 U.S. 140, 147-48 (1985). Brown failed to state, within ten days after the report was filed, specific objections to the Magistrate's Report. Accordingly, she waived her right to appeal the age category. See Howard, 932 F.2d at 508-09. Moreover, Brown failed to raise this issue in her district court complaint, and thus, the district court did not decide the issue. Accordingly, we "will not decide issues or claims not litigated before the district court." White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 7
 Nevertheless, the Secretary's factual findings are supported by substantial evidence on the record as a whole, Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 243 (6th Cir.1987), as she failed to present evidence of why she should be put in the "closely approaching advanced age" category. As the ALJ stated in his decision on remand by the Appeals Council, "[Brown] failed to submit any evidence [regarding her age]," and, therefore, the ALJ was "constrained to find that [Brown] must be considered to have been a 'younger' individual at age 49 as of December 31, 1985." "The fact that age categories are not to be applied mechanically ... does not mean that a claimant must be moved mechanically to the next age category whenever his [or her] chronological age is close to that category." Crady v. Secretary of Health and Human Services, 835 F.2d 617, 622 (6th Cir.1987).
 
 
 8
 In determining that the ALJ had substantial evidence to support its conclusion that Brown could perform unskilled, sedentary work, the district court, as did the ALJ, considered the testimony of several physicians who had examined Brown. Brown testified at a March 12, 1990, hearing, that she had pain in her neck, shoulder, and right arm and that she took medication for her physical and mental condition which improved her mental outlook, but did not relieve the physical pain. Further, Brown testified that, in spite of her debilitating pain, she was able to prepare her own meals, crochet for one to two hours at a time, and read. She stated that she could sit 30 to 40 minutes without changing positions, stand 30 minutes, and walk two blocks. The various physicians' testimony concerning Brown's ability to perform unskilled, sedentary work, revealed that: (1) Brown's past relevant work as a janitress would be unskilled work at the heavy exertional level; (2) if Brown's testimony was fully credited, she could not perform any substantial gainful activity or return to her past relevant work; (3) Brown's lower extremity strength had been well maintained, and there had been no specific sensory deficit elicited; (4) Brown had a history of chronic pain syndrome with depression; and (5) Brown obviously exaggerated her symptoms. Accordingly, the ALJ found that, considering the objective medical evidence, "[Brown] retained the residual functional capacity for unskilled, sedentary work with a sit/stand option through at least December 31, 1985, in spite of status post lumbar laminectomy, cervical radiculopathy, chronic pain syndrome, and somatoform disorder and, thus, could not have returned to her past relevant unskilled, heavy work as a janitress." Thus, "[t]he medical evidence of record fails to demonstrate that [Brown] suffers from any impairment which would have precluded the performance of sedentary work with a sit/stand option at any time on or before December 31, 1985."
 
 
 9
 AFFIRMED.