985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ruby STICKLER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-1440.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1993.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Ruby Stickler appeals the denial of her application for disability benefits. We affirm the judgment of the district court that there was substantial evidence to support the Secretary's decision.
 
 
 2
 On August 3, 1989, Ruby Stickler filed an application for disability benefits, claiming eligibility from January 4, 1989. At the time of her application, Stickler was 40 years old. Since 1972, Stickler has intermittently suffered from gastro-intestinal problems and rectal hemorrhaging of varying intensities. Stickler also maintained that she suffered from gynecological and psychiatric problems that rendered her incapable of working consistently.
 
 
 3
 The Secretary of Health and Human Services denied Stickler benefits, finding that she was not disabled because she was able to perform her past relevant work. On appeal to the district court, Stickler's request was again denied. She filed a timely appeal, alleging that the Secretary's decision was not supported by substantial evidence.
 
 
 4
 * In May 1989, Stickler chose to have a colectomy. Her treating physician considered the decision both hasty and radical--a more normal course would have been first to try medication and diet restrictions. Furthermore, Stickler went into the surgery with the idea of becoming disabled rather than cured.[1]
 
 
 5
 Nonetheless, a total colectomy with ileostomy was performed on June 21, 1989. The surgeon, Dr. John Wylie, opined in September of that year that Stickler could physically get along well, but had some depression. Wylie continued to see Stickler until December 1989, by which time he had informed the Social Security Administration that Stickler could return to full activities, including work, effective January 1990. Though Dr. Wylie asked Stickler to return for followup, she did not.
 
 II
 
 6
 We must uphold the Secretary's decision if there is substantial evidence in the record to support it. Smith v. Secretary of Health and Human Services, 893 F.2d 106, 108 (6th Cir.1989). We agree with the district court that the Secretary's decision that Stickler was not disabled was supported by substantial evidence.
 
 
 7
 Dr. Wylie, the treating surgeon, believed that Stickler was able to return to work. While Stickler's longstanding physician disagreed, the Secretary is not required to accept the testimony of Stickler's physician of choice.
 
 
 8
 There is no evidence in the record that Stickler's claimed gynecological troubles were disabling. The total gynecological diagnosis in the current record is a note dated May 31, 1990 from Dr. Helen Park, which reads:
 
 
 9
 Please let it be noted that Ruby Stickler is presently under my care for the treatment of female problems. Ruby is currently being treated with antibiotics for these problems. If this treatment is not effective then she may need a D & C. If a D & C does not clear up the situation, then Ruby may have to have a hysterectomy.
 
 
 10
 That evidence is insufficient to show disability.
 
 
 11
 Similarly, Stickler's psychiatric problems were not demonstrably disabling. Two psychiatrists from the Michigan Disability Determination Service reviewed the record and both concluded that Stickler had no marked psychiatric limitations. They said that Stickler's mental status should improve within one year of surgery. Even Stickler's own mental health professional said that Stickler's physical disorders were causing her depression, but did not express the opinion that the disorders were debilitating.
 
 
 12
 Stickler's past relevant work was classified by a vocational expert as light to medium unskilled; and semi-skilled, sedentary and clerical. The Secretary found that by early 1990, Stickler was capable of obtaining comparable work. Thus, she was not disabled under the terms of the Social Security Act, 42 U.S.C. §§ 423(d)(1)(A) and 423(d)(2)(A).
 
 
 13
 We therefore AFFIRM the judgment of the district court.
 
 
 
 *
 William O. Bertelsman, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 The doctor testified that: "it came to my attention that in discussion with my office staff, she desired total and permanent disability which she was advised was altogether inappropriate under the circumstances. The idea of the colectomy is to restore her to normally functioning good health."