1 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dorothy N. NUNN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 92-6265.
 United States Court of Appeals, Sixth Circuit.
 July 19, 1993.
 
 Before: MARTIN, SILER, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dorothy N. Nunn appeals the district court's grant of summary judgment for the United States Department of Health and Human Services in this Social Security disability case. We affirm.
 
 
 2
 On January 14, 1980, Dorothy N. Nunn injured her back while at work. She was treated by Dr. D.D. Porter that month, and Dr. Porter observed loss of spinal motion and positive straight leg raising on the left. Nunn's other indications were normal except that the lumbar myelogram showed some minimal abnormalities. Dr. Porter reexamined Nunn in March and April of 1980 and found no objective clinical problems; Dr. Porter therefore certified Nunn to return to work.
 
 
 3
 In May and June of 1980, Nunn was examined by Dr. William M. Gavigan. Nunn complained of pain in her left leg, but Dr. Gavigan found no objective basis for the pain. Dr. Gavigan referred Nunn to Dr. Richard Hoos for an electromyogram of her left leg. The electromyogram was normal. Dr. Gavigan also referred Nunn to a psychologist, Evelyn M. Frye, for evaluation. Frye determined that Nunn suffered from "neurotic conversion reaction with masked depression."
 
 
 4
 Dr. Gavigan examined Nunn for the last time on July 2, 1980. All indications were normal and he determined that Nunn could return to work without restrictions.
 
 
 5
 On October 28, 1982, Dr. David W. Gaw examined Nunn. Dr. Gaw determined that Nunn had moderately severe degenerative disc disease and sciatica on the right. Dr. Gaw determined that Nunn could occasionally lift or carry 20 pounds, could frequently lift or carry 10 pounds, could stand or walk for two hours per day, and could sit for six hours of an eight-hour workday.
 
 
 6
 On July 31, 1989, Nunn fell, fracturing and dislocating her left ankle. Dr. W.C. Beazley treated Nunn's ankle. By October, Dr. Beazley determined that Nunn was healing well and could put weight on her ankle as tolerated.
 
 
 7
 On November 2, 1989, Dr. Robert Lee, Nunn's family physician since 1977, examined Nunn. He determined that Nunn could occasionally lift or carry less than 20 pounds, frequently lift or carry ten pounds, stand less than two hours per eight-hour workday, and sit less than six hours per eight-hour workday. On March 13, 1990, Dr. Lee determined that Nunn could carry up to ten pounds but that Nunn could not bend, squat, or climb. Nunn could reach above the level of her shoulders, but could not stand for more than one hour per day or walk more than one hour per day. Finally, Dr. Lee recommended that Nunn avoid lifting objects. Dr. Lee determined that these restrictions were caused by lumbar disc disease.
 
 
 8
 Nunn initially filed an application for disability benefits on September 16, 1982, alleging an onset date of January 14, 1980 due to a ruptured disc. The Department of Health and Human Services denied her claim, and she did not pursue further recourse. After Samuels v. Heckler, 668 F.Supp. 656 (W.D.Tenn.1986) (ordering reconsideration of some Social Security disability cases), was decided, Nunn was advised that she had an opportunity for reconsideration. Nunn requested reconsideration of the earlier decision and also filed a new application for disability benefits and Supplemental Security Income benefits. An administrative law judge heard testimony regarding Nunn's first application for benefits and Nunn's second application, issuing two decisions on December 28, 1990. The administrative law judge determined that Nunn was not entitled to disability benefits under the medical-vocational guidelines of 20 C.F.R. Secs. 404.1569, 416.969 (1992). Nunn pursued administrative appeals of the administrative law judge's decisions, but received no relief.
 
 
 9
 Nunn sought judicial review of the Department's decisions pursuant to 42 U.S.C. Secs. 405(g), 1383(c)(3). Nunn's case was referred to a magistrate judge who issued a Report and Recommendation finding that the Department's decision was supported by substantial evidence. The district court accepted the magistrate judge's findings and granted summary judgment for the Department on July 23, 1992. Nunn now appeals the district court's grant of summary judgment.
 
 
 10
 In reviewing the decisions of the Secretary, we may reject the Secretary's factual findings only if they are not supported by substantial evidence. 42 U.S.C. Sec. 405(g). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. Smith v. Secretary of Health & Human Svcs., 893 F.2d 106, 108 (6th Cir.1989). We review the Secretary's conclusions of law de novo.
 
 
 11
 In disability cases, the claimant has the burden of proving a disability as defined in 42 U.S.C. Sec. 423(d)(1)(A). Young v. Secretary of Health & Human Svcs., 925 F.2d 146, 147 (6th Cir.1990). If the claimant cannot return to his or her previous occupation due to a medical impairment, then the claimant has made a prima facie case of disability. Hephner v. Matthews, 574 F.2d 359, 361 (6th Cir.1978). The Secretary may rebut this showing, however, by proving that the claimant possesses the ability to find work in the national economy suitable for the claimant's physical ability. Allen v. Califano, 613 F.2d 139, 145 (1980) (citing Hephner v. Matthews, 574 F.2d 359, 361 (6th Cir.1978)). The Secretary may rely on the Department's medical-vocational guidelines, currently set forth in 20 C.F.R. Secs. 404.1569, 416.969 (1992), to determine whether a claimant can find gainful employment in the national economy. See Kirk v. Secretary of Health & Human Svcs., 667 F.2d 524, 535 (6th Cir.1981).
 
 
 12
 In this case, the administrative law judge made the factual determination that Nunn was capable of performing sedentary work, relying on the medical-vocational guidelines of 20 C.F.R. Secs. 404.1569, 416.969 (1992). Nunn's medical records support that factual finding. As the magistrate judge pointed out,
 
 
 13
 The ALJ's finding with respect to plaintiff's residual functional capacity is substantially supported by Dr. Gaw's appraisal. Dr. Gaw opined that plaintiff could lift up to ten pounds frequently, stand or walk for two hours and could sit for six hours with the usual breaks. This appraisal fits precisely into the definition of sedentary work in ... the regulation....
 
 
 14
 (citations to the record omitted). Therefore, based on the factual findings of the administrative law judge which are supported by substantial evidence, even if Nunn cannot return to her previous occupation, she is able to perform sedentary work available in the national economy.
 
 
 15
 Under Blankenship v. Bowen, 874 F.2d 1116 (6th Cir.1989), a claimant may have sufficient mental impairments which are so severe that, even if the claimant can physically perform work in the national economy, the claimant may be considered to be disabled. Nunn argues that, aside from her physical limitations, she possesses psychological limitations which prevent her from performing sedentary work. Nunn relies mainly on Evelyn Frye's conclusions that Nunn suffered from "neurotic conversion reaction with mask depression." As the magistrate judge pointed out, however, nothing in the record indicates the severity of Nunn's psychological problems and that "there is substantial evidence to support the finding that the plaintiff can return to sedentary work and that her mental impairment, if any, is of a minimal effect and would not affect her ability to perform a full range of work at the sedentary level." We agree with the magistrate judge. The physicians' records show that Nunn is physically capable of performing sedentary work, yet there is no indication in the record that her mental impairments, if any, preclude her from finding sedentary work.
 
 
 16
 Based on the foregoing, substantial evidence supports the administrative law judge's conclusions that Dorothy Nunn is capable of performing sedentary work. Therefore, she is not disabled as defined in 42 U.S.C. Sec. 423(d)(1)(A).
 
 
 17
 The judgment of the district court is affirmed.