53 F.3d 332
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Lummie SANDERS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-4005.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1995.
 
 1
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and HILLMAN, District Judge.*
 
 ORDER
 
 2
 Lummie Sanders appeals a district court judgment which affirmed the Secretary's denial of his application for supplemental security income ("SSI"). The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 3
 An Administrative Law Judge ("ALJ") found that Sanders did not have any relevant work experience and that he had not worked since 1975. The ALJ found that Sanders had "severe impairments as a result of post-traumatic arthritis of the left knee, degenerative disc disease with chronic low back syndrome and chronic low back pain, status post gunshot wound of the right shoulder." He found that Sander's condition was not equal to the impairments that are described in Appendix 1 to the regulations and that Sanders retained the ability to perform a limited range of light work. These findings are not in dispute. However, the ALJ also found that a significant number of jobs were available to Sanders despite his impairments. Thus, the ALJ relied on the testimony of a vocational expert ("VE") to determine that Sanders was not disabled. The ALJ's opinion became the final decision of the Secretary on October 28, 1992, when the Appeals Council declined further review. The district court subsequently rejected a magistrate judge's recommendation and affirmed the Secretary's decision on July 26, 1994. It is from this judgment that Sanders now appeals.
 
 
 4
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 5
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989) (per curiam) (citations omitted). The Secretary's decision must be affirmed if it is supported by substantial evidence, even if this court might have decided the case differently based on substantial evidence to the contrary. Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir. 1989). In the present case, the VE's testimony provides substantial evidence to support the Secretary's finding that Sanders is not disabled because it indicates that a significant number of jobs are still available to him.
 
 
 6
 As Sanders had no relevant work experience, the Secretary had the burden of showing that a significant number of jobs were available to him. See Born v. Secretary of Health and Human Servs., 923 F.2d 1168, 1173 (6th Cir. 1990). The ALJ found that Sanders's ability to perform a full range of light work was "reduced by the limitations that he should perform only occasional lifting above shoulder level with his right arm and cannot perform continuous repetitive movements with his right arm or hand." As noted above, Sanders does not dispute the ALJ's evaluation of his functional capacity.
 
 
 7
 Since Sanders was not able to perform a wide range of work at a given level the Secretary carried her burden by relying on the VE's testimony regarding the number of jobs that were available to Sanders. See Born, 923 F.2d at 1174. The Secretary may rely on a VE's response to a hypothetical question if it fairly describes a claimant's condition. See Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 780 (6th Cir. 1987). Sanders now argues that the ALJ's questioning did not provide a sufficient basis for the VE's testimony. He argues that the ALJ eschewed his responsibility to evaluate the medical evidence and to frame an appropriate hypothetical question. However, the factual assumptions underlying the VE's testimony were clarified by the following exchange between the VE and Sander's attorney on cross-examination:
 
 
 8
 Q How do you understand -- you said you've taken into consideration his impairments as you understand them. How do you understand them?
 
 
 9
 A I have no lifting above shoulder level with the right arm. I have no continuous repetitive movements of the right arm or right hand. I've got a light level of exertion as testified to with ability to lift a bag of groceries. I have no prolonged standing.
 
 
 10
 This testimony is consistent with the ALJ's findings concerning Sanders's residual functional capacity. Indeed, the ALJ's findings are less favorable to Sanders than the facts assumed by the VE, as the ALJ did not adopt the VE's assumption that Sanders was unable to stand for prolonged periods of time. Sanders does not contest the ALJ's findings. Nor has he suggested any additional limitations that should have been assumed by the VE. Thus, the VE based his testimony on assumptions that fairly described Sanders's condition, even though his assumptions were not expressly stated in the ALJ's hypothetical question. See Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927-28 (6th Cir. 1987); Bradford v. Secretary of Dep't of Health and Human Servs., 803 F.2d 871, 874 (6th Cir. 1986) (per curiam).
 
 
 11
 The VE's testimony indicated that more than 1,000,000 light and sedentary positions were available to Sanders on the national level and that at least 40,000 such positions were available to him on the state level. This testimony satisfies the Secretary's burden of showing Sanders was not disabled because a significant number of jobs were still available to him. See Born, 923 F.2d at 1174-75.
 
 
 12
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation