818 F.2d 8
 17 Soc.Sec.Rep.Ser. 748, Unempl.Ins.Rep. CCH 17,365
Ida B. YEITER, a legally incapacitated person, by and
through her guardian, Gerald S. YEITER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 86-1345.
 United States Court of Appeals,
Sixth Circuit.
 Submitted March 31, 1987.
Decided May 6, 1987.
 
 M.J. Stephen Fox, Buchanan & Bos, Grand Rapids, Mich., for plaintiff-appellant.
 John A. Smietanka, U.S. Atty., Grand Rapids, Mich., Martin F. Palus, Jeffrey M. Teske, Chicago, Ill., for defendant-appellee.
 Before KEITH, KENNEDY and RYAN, Circuit Judges.
 Cornelia G. KENNEDY, Circuit Judge.
 
 
 1
 The sole issue in this appeal is whether plaintiff-appellant Ida B. Yeiter ("plaintiff") is entitled to disability insurance benefits retroactive to the onset of her disability or is limited, as provided in 42 U.S.C. Sec. 423(b) and as the District Court found, to benefits retroactive to one year prior to filing of her application. We AFFIRM the District Court's judgment.
 
 
 2
 Plaintiff is mentally and functionally incapacitated from injuries sustained in an automobile accident on November 14, 1972. Her husband, appointed her guardian in March, 1973, filed an application for disability insurance benefits on August 31, 1983. Benefits were awarded retroactive to August, 1982, pursuant to 42 U.S.C. Sec. 423(b), which provides in pertinent part: "An individual who would have been entitled to a disability insurance benefit for any month had he filed application therefor before the end of such month shall be entitled to such benefit for such month if such application is filed before the end of the 12th month immediately succeeding such month." Plaintiff filed for reconsideration, arguing that since she was mentally incompetent and therefore unable to file for benefits herself, she should receive benefits from the date of her disability. The Secretary denied the petition for reconsideration and the District Court upheld the denial.
 
 
 3
 Plaintiff makes four arguments in support of her claim for additional retroactive benefits and Amici Curiae, Disabled Peoples' International, Human Rights Advocates, and International Disability Law, Inc. ("Amici"), make an additional one. We find none of these arguments persuasive.
 
 
 4
 Plaintiff first argues that Congress did not intend the one-year limit on retroactive benefits to apply where the failure to file for benefits arises from the disability itself, e.g., as in mental incompetency. However, the statute does not permit such a construction. Title 42 U.S.C. Sec. 416(i)(2)(B) provides that "[n]o period of disability shall begin as to any individual unless such individual files an application for a disability determination with respect to such period...." Prior to 1958, there were no retroactive benefits. When Congress amended the statute to allow such benefits, it limited them to twelve months. There is simply no basis for construing that limitation inapplicable to certain disabilities. Congress was aware that persons were losing benefits they otherwise were entitled to because they did not file timely applications. Nonetheless, in unambiguous language, it chose to limit retroactivity to twelve months. Moreover, although plaintiff was under a disability, her guardian or some other person acting in her behalf could have filed an application.
 
 
 5
 Plaintiff's second argument is that she should not be bound by her guardian's waiver of her benefits, since under state law a court-appointed guardian may not waive a ward's rights. However, plaintiff is not denied benefits because of her guardian's waiver. Rather, she did not become entitled to those benefits because she did not file an application. As pointed out by the Supreme Court in Schweiker v. Hansen, 450 U.S. 785, 790, 101 S.Ct. 1468, 1472, 67 L.Ed.2d 685 (1981):
 
 
 6
 Congress expressly provided in the Act that only one who "has filed application" for benefits may receive them, and it delegated to [the Secretary of Health and Human Services] the task of providing by regulation the requisite manner of application. A court is no more authorized to overlook the valid regulation requiring that applications be in writing than it is to overlook any other valid requirement for the receipt of benefits.
 
 
 7
 See also Johnson v. United States, 572 F.2d 697, 699 (9th Cir.1978) (holding, in case involving benefits for a minor, that "filing is a substantive condition of eligibility").
 
 
 8
 Third, plaintiff argues that 42 U.S.C. Sec. 423(b), when applied to the mentally incapacitated, violates principles of fundamental fairness and thus violates the due process provisions of the fifth amendment. Laying aside the question of whether plaintiff had a property interest in benefits for which no application had been filed, there is nothing fundamentally unfair in conditioning benefits upon the filing of an application. That application for benefits can be filed not only by the claimant, but also by a guardian, a person responsible for the care of the claimant, or the manager or principal officer of an institution caring for the claimant. 20 C.F.R. Sec. 404.612(c). A person who is mentally incapacitated and totally unable to care for himself or herself will ordinarily be in the care of someone. That person responsible for claimant's care will have a strong incentive to file for benefits. The means thus provided for securing benefits meets due process requirements.
 
 
 9
 Finally, plaintiff claims that 42 U.S.C. Sec. 423(b) violates her constitutional guarantee of equal protection. She acknowledges that the rational basis test is appropriate, but urges application of a rationality test "with teeth," citing Cleburne v. Cleburne Living Center, 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). She asserts that application of the one-year retroactive limitation to the mentally incapacitated is not rationally related to the end of safeguarding the fiscal integrity of the social security system. If only the mentally handicapped were singled out, that might be true; however, all claimants receive retroactive benefits for the same period--one year. Congress' purpose in limiting benefits to one year has a rational basis in that it preserves the fiscal integrity of the social security trust fund. As the Supreme Court stated in Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970) (citation omitted):
 
 
 10
 In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some "reasonable basis," it does not offend the Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality."
 
 
 11
 Amici argue that the failure to allow benefits retroactive to the date of disability violates international law. The specific governmental conduct Amici complain of is the government's failure to provide plaintiff or her guardian with advance notice of her potential entitlement to disability benefits. We can find no source for the requirement that the government must locate mentally incompetent persons and inform them of their potential entitlement to benefits under a government program. Assuming that international law does require that the state care for mentally incapacitated persons, the United States provides a system for such care. In addition to disability insurance, the federal government provides medical care through Medicaid, and for those not covered by the social security system, supplemental security income. State governments also provide for the mentally handicapped. The state does not deprive persons of a fundamental right by requiring reasonable procedures to claim a benefit. It should be kept in mind that, with respect to retroactive benefits, the claim is for the payment of money; care for the mentally incapacitated claimant has already been provided for that period by some person or institution.
 
 
 12
 Finally, the question of violation of international law was not raised in the District Court. It may not be raised for the first time on appeal. Wright v. Holbrook, 794 F.2d 1152, 1157 (6th Cir.1986).
 
 
 13
 Accordingly, the judgment of the District Court is
 
 
 14
 AFFIRMED.