891 F.2d 291
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth K. KITTER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1266.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1989.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is a social security disability case in which the plaintiff, Kenneth K. Kitter, seeks judicial review of the Secretary's denial of benefits. Mr. Kitter claims he has been disabled since July of 1980 or April of 1981. An administrative law judge found that he did not become disabled until July 1, 1986. This was more than two years after the day (March 31, 1984) on which Mr. Kitter was last eligible for disability benefits. The district court entered summary judgment for the Secretary. We shall affirm the judgment.
 
 
 2
 Mr. Kitter was born on November 12, 1958. He attended school through the 12th grade. His most recent job, which he held from 1976 to 1981, was as a laborer with the Huron Cement Company. He claims he stopped working in 1981 because of rheumatoid arthritis.
 
 
 3
 Mr. Kitter applied for disability benefits on August 20, 1986. He admits he was last insured for disability on March 31, 1984. A claimant may not obtain retroactive benefits for more than 12 months prior to his application. 42 U.S.C. § 423(b); see also Yeiter v. Secretary of Health and Human Servs., 818 F.2d 8 (6th Cir.), cert. denied, 484 U.S. 854 (1987).
 
 
 4
 At a hearing before the ALJ, Mr. Kitter asserted that he had applied for disability benefits in 1981. The ALJ said he was unable to find any record of such an application. After the hearing, Mr. Kitter's attorney provided the ALJ with a form sent to Mr. Kitter from the Social Security office acknowledging his 1981 application. The form was the only documentation Mr. Kitter had of that claim.
 
 
 5
 The ALJ found that Mr. Kitter had been disabled since July 1, 1986, and supplemental security income benefits were awarded on that basis. The ALJ denied Mr. Kitter's claim for disability benefits.
 
 
 6
 On appeal, Mr. Kitter argues "by the mere fact that he had filed his 1986 application [he] was asking to reopen his 1981 application." There is, however, no indication in the record that the present application was supposed to be an application for reopening of the 1981 claim. In any event, a claim may be reopened after four years only under limited circumstances, none of which is applicable here. See 20 C.F.R. § 404.988 (1989). The district court noted that although Mr. Kitter may have been disabled from July of 1980 to February of 1982, it is too late for him to receive retroactive benefits for this period. We agree.
 
 
 7
 The next issue is whether substantial evidence supports the ALJ's finding that Mr. Kitter was not disabled as of March 31, 1984. On February 9, 1982, Andrew Daugavietis, M.D., Mr. Kitter's rheumatologist, reported that he found no abnormalities and that Kitter's laboratory data had "completely returned to normal." The only evidence in the record relating to the time period from February 1982 to the expiration of Mr. Kitter's insured status on March 31, 1984, are his subjective complaints and the reports of Donald Miller, M.D., a treating physician. The last of these reports, dated January 30, 1984, indicates that although Mr. Kitter was suffering from rheumatoid arthritis, he had gained weight and suffered only "occasional discomfort of his hands."
 
 
 8
 Substantial evidence clearly supports the Secretary's finding of no disability during the two years immediately preceding the expiration of Mr. Kitter's disability insurance. The judgment of the district court is AFFIRMED.