12 F.3d 214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John R. TUSSEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-5745.
 United States Court of Appeals, Sixth Circuit.
 Nov. 24, 1993.
 
 1
 Before: NELSON and BATCHELDER, Circuit Judges, and MATIA, District Judge.*
 
 ORDER
 
 2
 John R. Tussey appeals a district court judgment which affirmed the Secretary's denial of his application for social security disability benefits and supplemental security income. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Counsel for both parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Tussey alleged that he became disabled on July 5, 1989, due to a work-related injury which resulted in problems with his stomach, lungs, back and legs. He also alleged that he has suffered anxiety and depression since the accident. An Administrative Law Judge ("ALJ") found that Tussey had severe physical and mental impairments, which prevented him from performing his past work as a construction laborer. However, the ALJ also found that Tussey's condition was not equivalent to any of the impairments that are described in Appendix 1 to the regulations and that he could still perform a limited but significant number of light jobs. Thus, the ALJ determined that Tussey was not disabled by relying on the testimony of a vocational expert ("VE"), within the framework of the medical-vocational guidelines ("grids") that are found at 20 C.F.R. Part 404, Subpt. P, App. 2, Rule 202.16. The ALJ's opinion became the final decision of the Secretary on February 25, 1992, when the Appeals Council declined further review.
 
 
 4
 On April 23, 1993, the district court granted the Secretary's motion for summary judgment. It is from this judgment that Tussey now appeals.
 
 
 5
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 6
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted). The Secretary's decision must be affirmed if it is supported by substantial evidence, even if this court might have decided the case differently based on substantial evidence to the contrary. Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir.1989). A de novo review of the record indicates that substantial evidence supports the Secretary's finding that Tussey is not disabled because a significant number of jobs are still available to him, even though he can no longer perform his past work.
 
 
 7
 Tussey's counsel apparently argues that his condition meets or equals a listed impairment. However, counsel has not pointed to any evidence which would support a finding of disability under any specific section of Appendix 1. Furthermore, Tussey did not raise this argument in the district court, and it will not be considered for the first time on appeal. See Yeiter v. Secretary of Health and Human Servs., 818 F.2d 8, 11 (6th Cir.), cert. denied, 484 U.S. 854 (1987).
 
 
 8
 Since the ALJ found that Tussey could not perform his past work, the burden shifted to the Secretary to show that a significant number of other jobs were available to him despite his impairments. See Born v. Secretary of Health and Human Servs., 923 F.2d 1168, 1173 (6th Cir.1990). In terms of physical restrictions, the ALJ found that Tussey "can stand/walk a total of six hours during the course of an eight-hour workday, less than one hour at a time; he can sit for six hours during the course of an eight-hour workday, less than one hour without respite; he can only occasionally climb, balance, stoop, crouch, kneel, and may never crawl." These findings are consistent with the requirements of light work. 20 C.F.R. Secs. 404.1567(b) and 416.967(b). They are also supported by substantial evidence in the record. In particular, the ALJ's findings regarding Tussey's physical capacity are directly supported by a residual functional capacity assessment that was performed by a consultative orthopedist, Dr. Brown, as well as the assessment of an examining neurosurgeon, Dr. Craythorne.
 
 
 9
 Tussey argues that the ALJ failed to give adequate deference to the opinion of his treating physician, Dr. Bansal, who reported that Tussey was completely disabled. A treating physician's opinion is afforded more weight than the opinion of a consultant, but the ultimate determination regarding disability remains with the Secretary. Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir.1984). In the present case, the Secretary was not bound by Dr. Bansal's conclusions because there was substantial medical evidence to the contrary. See Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927 (6th Cir.1987) (per curiam). Moreover, the ALJ properly noted that Dr. Bansal's opinion was based almost entirely on Tussey's subjective complaints. The Secretary is not required to accept a physician's conclusory opinion regarding disability when it is not supported by objective medical tests. Houston, 736 F.2d at 367. Hence, there was substantial evidence to support the Secretary's finding that Tussey could perform a limited range of light work despite Dr. Bansal's opinion to the contrary.
 
 
 10
 The Secretary may not rely exclusively on the grids to satisfy her burden if the claimant is unable to perform a wide range of work at a given level. Hardaway, 823 F.2d at 926-27. The Secretary successfully carried her burden here by relying on the VE's testimony regarding the number of light jobs that were available to Tussey despite his impairments. The ALJ presented a hypothetical question to the VE which described a claimant who had the ability to perform only a limited range of light, unskilled work. He then described the following nonexertional restrictions:
 
 
 11
 [The claimant would] have a fair ability, understanding, remembering, carrying out both detail and complex job instructions, that comes from Exhibit 30 and 32. He is illiterate by his testimony, and that's been established at Exhibit 30, that he has a reading ability below the third grade level. He would be moderately limited in his ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness, that comes from Exhibit 32.
 
 
 12
 In response, the VE stated that there were approximately 6,000 jobs that Tussey could perform within the region.
 
 
 13
 The ALJ's description of Tussey's nonexertional impairments is consistent with an evaluation performed by an examining psychologist, Dr. DeMaree. It is also directly supported by a functional capacity assessment that was prepared by a consulting psychologist, Dr. Perritt. Therefore, the ALJ's hypothetical question fairly described Tussey's impairments. See Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 780 (6th Cir.1987). The VE's response satisfies the Secretary's burden of showing that a significant number of jobs were still available to Tussey, even though he could no longer perform his past work. See Hall v. Bowen, 837 F.2d 272, 275 (6th Cir.1988).
 
 
 14
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul R. Matia, U.S. District Judge for the Northern District of Ohio, sitting by designation