12 F.3d 211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ali ALHANSHALI, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-1701.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1993.
 
 W.D.Mich., No. 92-00116; Robert Holmes Bell, J.
 W.D.Mich.
 AFFIRMED.
 Before: KEITH and JONES, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Ali Alhanshali appeals pro se from a district court judgment which affirmed the Secretary's denial of his application for social security disability benefits. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Alhanshali alleged that he became disabled on November 24, 1984, due to problems with his back. His testimony indicates that he has suffered severe pain as well as anxiety and depression. An Administrative Law Judge ("ALJ") found that Alhanshali had a severe impairment and that he could not perform his past work, even though his condition was not equivalent to any of the impairments which are listed in Appendix 1 to the regulations. However, the ALJ also found that Alhanshali's testimony was not credible and that he could still perform a limited but significant number of sedentary jobs. The ALJ's opinion became the final decision of the Secretary on June 22, 1992, when the Appeals Council declined further review.
 
 
 3
 Alhanshali filed a timely complaint in federal district court, and the Secretary's motion for summary judgment was granted on March 8, 1993. He now appeals.
 
 
 4
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 5
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted). The Secretary's decision must be affirmed if it is supported by substantial evidence, even if this court might have decided the case differently based on substantial evidence to the contrary. Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir.1989). A de novo review of the record indicates that substantial evidence supports the Secretary's finding that Alhanshali was not disabled prior to the expiration of his insured status.
 
 
 6
 Alhanshali argues that the ALJ should have afforded greater weight to his testimony which indicated that he had severe pain in his back, neck, right shoulder and right hand. However, an "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir.1990). In the present case, the ALJ credited Alhanshali's testimony to some extent by finding that he could no longer perform his past work. Moreover, the ALJ's finding that Alhanshali could still perform a limited range of sedentary work was supported by substantial evidence in the record. Thus, the ALJ did not err by finding that Alhanshali was not completely credible.
 
 
 7
 The ALJ found that Alhanshali retained the ability to perform sedentary work. 20 C.F.R. Sec. 404.1567(a). This finding is supported by the reports of three consulting physicians. Dr. Johnson noted soft tissue injuries to Alhanshali's neck and lower back, chronic cervical and lumbosacral sprains, a compression deformity at L-1, and degenerative arthritis of the spine. However, he also noted that Alhanshali's "clinical complaints seem to be out of proportion to his physical findings" and indicacted that Alhanshali would be able to perform light work. Dr. Paarlberg summarized his impressions as follows:
 
 
 8
 I feel that his medication has no effect on his physical capabilities. Patient has no atrophy, ankylosis, muscle spasm, weakness or deformity of the neck, dorsal spine or low back. He has no evidence of any septic arthritis and no evidence of nerve root involvement including sensory, motor or reflex findings. He uses a cane in the right hand which was prescribed by his treating physician but I don't see a particular need for this. I feel that his pain component is more subjective than organic and I feel he has a very low pain threshold which might even be in the realm of conversion hysteria. His complaints of pain are not consistent with the clinical and laboratory findings.
 
 
 9
 Finally, Dr. Sezgin noted that Alhanshali "may have several organic problems but on the basis of the clinical examination, I cannot see those things because of the secondary gain syndrome and malingering. He is not telling the truth about his symptomatologies." Thus, taken as a whole, the medical record contains substantial evidence in support the ALJ's finding that Alhanshali could perform the exertional demands of unskilled sedentary work.
 
 
 10
 Alhanshali argues that the ALJ failed to give adequate deference to the opinion of his treating physician, Dr. Wyche, who repeatedly stated that Alhanshali was completely disabled. However, the Secretary is not bound by a treating physician's opinion if there is substantial evidence to the contrary. Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927 (6th Cir.1987) (per curiam). As noted above, the reports of three other physicians contradict Dr. Wyche's conclusory assertions regarding Alhanshali's disability. Hence, there was substantial evidence to support the Secretary's finding that Alhanshali could perform the exertional demands of sedentary work, despite Dr. Wyche's opinion to the contrary.
 
 
 11
 Alhanshali also argues that the ALJ erred by not considering Dr. Wyche's recommendation that he be examined by a psychiatrist. However, this argument was not presented to the district court, and it will not be considered for the first time on appeal. See Yeiter v. Secretary of Health and Human Servs., 818 F.2d 8, 11 (6th Cir.), cert. denied, 484 U.S. 854 (1987).
 
 
 12
 Since Alhanshali is unable to perform his past relevant work, the burden shifted to the Secretary to show that a significant number of other jobs were still available to him despite his impairments. The Secretary successfully carried this burden by relying on the following testimony from a vocational expert ("VE"), in response to a hypothetical question from the ALJ:
 
 
 13
 Q. All right, and as a result of a, those, he's got the impairments that I had, the back problems, the neck problems, the right shoulder, ulcer, dizziness. Maximum lifting would be 10 pounds. His repeated maximum lifting would be five pounds with an opportunity to occasionally alternate positions, take a 15 minute break in the morning, a 15 minute break in the afternoon and take a 30 minute lunch period. He would be able to stand two hours out of eight, sit six hours out of eight, walk two hours out of eight. He has to use a cane to walk. He would have to use his cane to walk. I may be repeating myself, this has been a long day and these hearings with interpreters are kind of hard sometimes. He would also have to avoid unprotected heights, he'd have to avoid dangerous moving machinery.... Within the parameters of the hypothetical would he be able to do any type of unskilled work?
 
 
 14
 A. Yes, assembly packaging and inspecting at the sedentary level. In Southeastern Michigan there are approximately 6,000 such jobs that exist.
 
 
 15
 The Secretary may rely on the VE's testimony because the ALJ's question fairly describes Alhanshali's condition. See Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 780 (6th Cir.1987). The VE's response satisfies the Secretary's burden of showing that a significant number of jobs were still available to Alhanshali, even though he could no longer perform his past work. See Hall v. Bowen, 837 F.2d 272, 274-75 (6th Cir.1988).
 
 
 16
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.