19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Glema PAUGH, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-3500.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1994.
 
 Before: JONES and BOGGS, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Glema Paugh appeals a district court judgment which affirmed the Secretary's denial of her applications for social security disability benefits and supplemental security income. Her appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Both parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Paugh alleged that she became disabled on October 30, 1988, due to back pain and rheumatoid arthritis. An Administrative Law Judge ("ALJ") found that Paugh had lower back pain and chronic cervical pain, even though her condition was not equivalent to any of the impairments that are described in Appendix 1 to the regulations. The ALJ also found that Paugh's testimony was not completely credible and that she was not disabled because she could still perform her past relevant work as an inspector and machine operator in a match factory. The ALJ's opinion became the final decision of the Secretary on January 15, 1992, when the Appeals Council declined further review. Paugh filed a timely complaint in federal district court, and summary judgment was entered in favor of the Secretary on March 23, 1993. It is from this judgment that Paugh now appeals.
 
 
 3
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 4
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted). The Secretary's decision must be affirmed if it is supported by substantial evidence, even if this court might have decided the case differently based on substantial evidence, to the contrary. Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir.1989). A review of the record indicates that substantial evidence supports the Secretary's finding that Paugh was not disabled because she was still able to perform her past relevant work.
 
 
 5
 Paugh's testimony indicated that she has occasional migraine headaches as well as disabling pain in her wrist, neck and lower back. She also stated that she experienced swelling in her knees, numbness in her legs and elbow, and diminished strength and dexterity in both hands. Paugh stated that she could only sit for one hour, stand for one hour and walk for an hour and a half during an eight-hour work day. The ALJ found that this testimony was not completely credible.
 
 
 6
 Paugh now argues that the ALJ's finding was improper because he failed to consider the factors outlined in Social Security Ruling 88-13 in evaluating her allegations of disabling pain. However, an examination of the ALJ's opinion shows that he did consider many of these factors. The ALJ specifically based his credibility finding on Paugh's testimony which indicated that she did not use prescription strength pain medication, that over-the-counter medication relieved her pain, that her pain was primarily dull, and that she was able to drive, cook, do laundry, and shop for groceries. He also noted that Paugh had not received medical treatment for her condition in approximately four years. Thus, the ALJ did not err by finding that Paugh's claim of disabling pain was not completely credible. See Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 231 (6th Cir.1990) (per curiam).
 
 
 7
 Paugh maintains that her allegations of disabling pain are supported by the report of an examining consultant, Dr. May, who diagnosed possible arthritis of the right wrist, left elbow and both knees. He also noted chronic lumbar and cervical pain, and a history of degenerative disc disease with a small lumbar herniation and spondylolisthesis. He concluded that Paugh was permanently and totally disabled. Dr. May's report is consistent with the report of another examining consultant, who diagnosed radiating low back pain and spondylolisthesis.
 
 
 8
 We note, however, that Dr. May was not Paugh's treating physician. Moreover, the Secretary is not bound by a physician's opinion, even that of a treating physician, if there is substantial evidence to the contrary. Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927 (6th Cir.1987) (per curiam). In the present case, Dr. May's report is contradicted by that of a third examining consultant, Dr. Gianakopoulos. In particular, Dr. Gianakopoulos reported that Paugh's sensation exam was normal and that she had a normal range of motion in all joints. He noted that Paugh's deep tendon reflexes were present and symmetric, that her muscles were not atrophied, and that there was no deformity, swelling, tenderness or redness in her joints. While Dr. Gianakopoulos reported limited flexion and pain in Paugh's lower back, he also noted that she could walk without assistance and that heel and toe walking were preserved. He reported that Paugh's hands were normal in appearance, that the range of motion was not limited in any of the joints of her hands and that there was no deviation of the joints which might suggest advanced arthritis. Dr. Gianakopoulos concluded as follows:Mrs. Paugh has extreme pain by history, of the lower lumbar spine. However, on physical exam her complaints seem to be out of proportion to the objective findings, on my examination today there is no suggestion of neurologic deficit nor is there evidence of severe osteo- or rheumatoid arthritis.
 
 
 9
 This report provides substantial evidence to support the Secretary's finding that Paugh could perform the exertional demands of her past sedentary work, despite Dr. May's opinion to the contrary. See Casey v. Secretary of Health and Human Servs., 987 F.2d 1230, 1234 (6th Cir.1993) (per curiam).
 
 
 10
 It was Paugh's burden to show that she could no longer perform her past relevant work. See Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). Her testimony indicates that this work was generally unskilled or semi-skilled, that she was required to lift very little weight and that she was able to alternate between sitting and standing. The ALJ's finding that Paugh could perform this type of work is supported by Dr. Gianakopoulos's report as well as Paugh's own testimony regarding her daily activities and conservative self-treatment. Thus, substantial evidence supports the Secretary's ultimate determination that Paugh is not disabled because she failed to carry her burden of showing that she can no longer perform her past work.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.