46 F.3d 1132
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond J. WEBER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3653.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1995.
 
 Before: GUY, BOGGS and SILER, Circuit Judges.
 
 ORDER
 
 1
 Raymond J. Weber appeals a district court judgment which affirmed the Secretary's denial of his application for social security disability benefits. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 2
 Weber alleged that he became disabled on June 17, 1985, due to lower back pain. An administrative law judge ("ALJ") found that Weber had severe degenerative arthritis of the spine, even though his condition was not equivalent to any of the impairments that are described in Appendix 1 to the regulations. The ALJ also found that Weber was not disabled because he could perform his past relevant work as a district sales manager before his insured status expired, on June 30, 1989. The ALJ's opinion became the final decision of the Secretary on September 23, 1992, when the Appeals Council declined further review.
 
 
 3
 Weber's case was referred to a magistrate judge who recommended that the Secretary's decision be affirmed. The district court adopted the magistrate's recommendation over Weber's objections and affirmed the denial of disability benefits on April 15, 1994. It is from this judgment that Weber now appeals.
 
 
 4
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 5
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989) (per curiam) (citations omitted). The Secretary's decision must be affirmed if it is supported by substantial evidence, even if there is also substantial evidence to the contrary. Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir. 1989). The record here shows that Weber has a severe impairment; however, there is also substantial evidence to support the Secretary's determination that Weber was not disabled because he was able to perform his past relevant work during the time that he remained insured.
 
 
 6
 Weber underwent a laminectomy in 1967. He began seeing his treating physician, Dr. Wozniak, twelve years later when he injured his back by falling down some steps. Dr. Wozniak's initial examination revealed severe contusions and strain of the lumbosacral spine, with persistent spasms, rigidity and pain. In 1988 and 1989, Dr. Wozniak reported that Weber's condition had worsened and that he was totally and permanently impaired.
 
 
 7
 In 1988, Weber was examined by Dr. Fierra, who noted a restricted range of motion and possible neurosensory deficit, but no atrophy of the lower extremities. In 1989, Weber was examined by Dr. McCloud, who reported that he had recurrent disc problems and radicular compromise secondary to his 1967 laminectomy. Dr. McCloud opined that Weber was not able to perform even sedate work. On August 30, 1989, a radiology report was prepared for a consulting physician, Dr. Saghafi, which indicated no spondylolisthesis, despite fairly advanced osteoarthritis and a narrowing of the disc space at L4-L5. Dr. Saghafi observed a mild degree of muscle spasm in the lower back, but he also reported that Weber walked with a normal gait and was able to stand and walk on heels and toes. He diagnosed Weber as having degenerative arthritis of the lumbar spine.
 
 
 8
 Weber testified that he has constant pain in his lower back and legs, that he has to nap two or three times a day and that his leg "gives out" causing him to fall. Weber's testimony indicates that he can stand or walk for only 15 minutes, sit for an hour at a time and lift only two or three pounds. The ALJ found that this testimony was not credible insofar as it indicated that Weber could not perform the following limited range of sedentary work:
 
 
 9
 The claimant has the residual functional capacity to perform work-related activities except for work involving work requiring standing or walking more than four hours a day or sitting more than three hours at a time or more than five hours a day; and work requiring lifting more than 10 pounds more frequently than five times an hour, bending, squatting, reaching, or using foot controls more than five times an hour.
 
 
 10
 This finding is supported by substantial evidence, as it is consistent with a physical capacities evaluation that was prepared by Dr. Wozniak. It is also consistent with the functional capacity assessment of a non-examining consultant, Dr. Fitz.
 
 
 11
 Weber now argues that he is unable to perform even sedentary work because Dr. Wozniak also indicated that he was totally disabled. The Secretary argues that Weber waived this argument by failing to raise it in his objections to the magistrate's report. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). However, the Walters rule does not apply here because the magistrate's report did not advise the parties of the potential waiver. See Landefeld v. Marion Gen. Hosp. Inc., 994 F.2d 1178, 1182 (6th Cir. 1993).
 
 
 12
 In particular, Weber argues that Dr. Wozniak's conclusion that he was totally disabled should have led the ALJ to rely on the minimum exertional levels that were described in the functional capacity assessment. The Secretary, however, is not bound by a physician's opinion, even that of a treating physician, if there is substantial evidence to the contrary. Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927 (6th Cir. 1987) (per curiam). In the present case, Dr. Wozniak's general conclusion is contradicted by his own specific findings regarding Weber's capacity to perform work-related activities. The ALJ's finding that Weber was not totally disabled is also supported by Dr. Fitz's assessment. Therefore, substantial evidence supports the ALJ's findings regarding Weber's residual functional capacity. See Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Hardaway, 823 F.2d at 927.
 
 
 13
 Weber had the burden of showing that he could no longer perform his past work. See Bowen v. Yuckert, 482 U.S. 137, 146-47 n.5 (1987). A vocational expert ("VE") testified that Weber's job as a sales manager had been at a light exertional level as Weber had performed it; however, he also testified that this type of work is sedentary as it is typically performed in the national economy. The VE testified that Weber's skills were transferable and that a claimant with the specific limitations described in Dr. Wozniak's assessment would be able to perform the work of a sales manager. This testimony provides substantial support for the ALJ's finding that Weber retained the ability to perform his past work. See Bogle, 998 F.2d at 349; Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 231 (6th Cir. 1990) (per curiam).
 
 
 14
 Weber now argues that his past job does not fall within the definition of a sales manager that is given in the Dictionary of Occupational Titles ("DOT"). However, the relevant inquiry is not whether Weber could perform his past job, but rather whether he could perform the type of work that he had done in the past. See Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). Weber's argument is also unavailing because the DOT is not the sole authority for defining a claimant's work. See Barker v. Shalala, No. 93-6122, 1994 WL 637820, at * 5-6 (6th Cir. Aug. 26, 1994). The VE in Weber's case was subject to cross-examination and the ALJ's decision to credit his testimony is entitled to substantial deference. See id.; Smith, 893 F.2d at 109-10. Therefore, substantial evidence supports the Secretary's ultimate determination that Weber was not disabled because he did not carry his burden of showing that he could no longer perform his past work.
 
 
 15
 Accordingly, the district court's judgment is affirmed.