David Lee **BOYES**, Plaintiff–Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,** Defendant–Appellee.

No. 93–4012.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 18, 1994.

Decided Dec. 13, 1994.*

---

* This decision was originally issued as an "unpublished decision" filed on December 13, 1994. On January 18, 1995, the court designated the opinion as one recommended for full-text publication.

Marcia W. Margolius (argued and briefed), Brown & Margolius, Cleveland, OH, for plaintiff-appellant.

Kent W. Penhallurick, Asst. U.S. Atty., Cleveland, OH (argued and briefed), for defendant-appellee.

Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and ZATKOFF, District Judge.**

SUHRHEINRICH, Circuit Judge.

David Boyes appeals the district court's judgment affirming the Secretary's final decision denying Boyes' application for disability insurance benefits and supplemental security income (SSI) under the Social Security Act. For the following reasons, we RE-VERSE and **REMAND** for an award of benefits.

## I.

Boyes received disabled child's insurance benefits because of a mental impairment (full scale IQ of 59) based on a May 10, 1976 application. In May of 1974, Boyes entered a sheltered workshop, and after the Secretary determined in May 1986 that his work as a roadside rest cleaner constituted substantial gainful activity, the benefits were terminated. The termination letter indicated that Boyes' earnings exceeded the $300 per month level presumed to indicate substantial gainful activity. *See* 20 C.F.R. § 404.1574(b)(2)(vi). Boyes never sought review of this determination.

In January 1989, Boyes filed for SSI, disabled child's benefits and disability insurance benefits. He alleged disability since June 1988, based on mental impairment. The Secretary denied all three applications on May 8, 1989. Boyes failed to seek review; however, in September 1989, he filed second applications for disability insurance benefits and SSI. Boyes alleged that he became unable to work on May 10, 1989 (disability insurance applications), and August 29, 1989 (SSI application), because of mild mental retardation and health problems, including tracheobronchitis, hiatal hernia and a hole in his heart. The applications were denied, and Boyes filed a complaint in district court. The district court affirmed the Secretary's decision.

Boyes contends that the district court erred because the evidence was insufficient to show he possessed the residual functional capacity to engage in employment at a competitive level. According to Boyes, his past relevant work did not constitute substantial gainful activity. Therefore, he asserts his burden of proving an entitlement to benefits has been fulfilled.

## II.

On review, the Secretary's factual findings are conclusive when supported by

** The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

substantial evidence. 42 U.S.C. § 405(g). Claimant bears the burden of proving his entitlement to benefits. *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir.1971).

▇ In this case, the Administrative Law Judge ("ALJ") applied the five-step sequential evaluation, the fourth step of which asks whether the claimant is capable of performing his past relevant work. 20 C.F.R. §§ 404.1520(e) and 416.920(e). The ALJ concluded that Boyes was not disabled because his "severe mild mental retardation" did not prevent him from performing his past work as a roadside rest cleaner.

Boyes admits he performed the job of roadside rest cleaner and that he voluntarily resigned his job in June 1989. Further, there is no dispute that the Secretary previously found that this job constituted substantial gainful employment. Under SSR 82–62, the capacity to do past work that was substantial gainful activity indicates the claimant is not disabled, provided the work was not remote in time or sporadically performed. *See Lauer v. Bowen*, 818 F.2d 636 (7th Cir. 1987) (holding that previous ruling that work was not substantial gainful activity could not be ignored in subsequent disability hearing).

Boyes now contends that his past relevant work did not constitute substantial gainful employment as it was performed in a sheltered workshop environment. The record shows that the adult services director at the workshop reported that Boyes' productivity was less than one-half that of a typical non-impaired person. The evidence also shows that Boyes relied on special transportation to get to and from work and that he completed his work duties through constant on-site supervision. Moreover, the vocational expert testified that a person who needed close supervision and specially arranged transportation would not be considered competitively employable.

Work done under special conditions is addressed in 20 C.F.R. § 404.1573(c), which provides that even work done in a sheltered workshop may show a claimant possesses "the necessary skills and ability to work at the substantial gainful activity level." If, however, a claimant's impairments prevent him from doing "ordinary or simple tasks satisfactorily without more supervision or assistance than is usually given other people doing similar work," it may be sufficient to show that the claimant is not working at the substantial gainful activity level. 20 C.F.R. § 404.1573(b).

▇ Although the Secretary argues that administrative res judicata bars claimant from challenging the 1986 determination that his roadside maintenance work constituted substantial gainful activity, the record shows that the ALJ reopened the merits of that decision in reviewing Boyes' claim for benefits. The ALJ delved into the particulars of claimant's work as a roadside rest cleaner, inquiring about what the job entailed and how the work was completed.

We have carefully reviewed the record and find that Boyes' past relevant work did not constitute substantial gainful activity given the special conditions under which he performed his work. Any presumption that the work constituted substantial gainful activity created by the level of money Boyes earned is destroyed by the amount of work Boyes completed on a daily basis, the quality of his work and the level of supervision he required.

Accordingly, we **REVERSE** and **REMAND** for an award of benefits.