89 F.3d 832
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dorothy J. BOYERS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-5965.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1996.
 
 1
 Before: KENNEDY and NORRIS, Circuit Judges; MATIA, District Judge.*
 
 ORDER
 
 2
 Dorothy J. Boyers appeals a district court order affirming the Commissioner's denial of her application for social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Boyers filed an application for social security disability insurance benefits alleging that she suffered from numbness in the legs, sugar blisters on both legs, diabetes, and high blood pressure. Following a hearing, an administrative law judge (ALJ) determined that Boyers was not disabled because she could perform her past relevant work as a secretary/accounts clerk. Therefore, the ALJ denied Boyers's application for benefits. The Appeals Council declined to review the ALJ's determination. Boyers then filed a complaint seeking review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Commissioner.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 Boyers contends that the ALJ improperly rejected the opinions of her treating physician. However, the medical assessments personally completed by Dr. Brown, Boyers's treating physician, on July 29, 1992, and September 8, 1992, indicate that Boyers could perform sedentary work. The ALJ did not err in rejecting Dr. Brown's assessment of January 26, 1993, as this assessment was completed by Boyers's counsel and sent to Dr. Brown for her signature. As it is the Commissioner's function to resolve conflicts in the medical evidence, King v. Heckler, 742 F.2d 968, 974 (6th Cir.1984), the ALJ did not err in relying on the medical assessments personally completed by Dr. Brown in concluding that Boyers was not disabled.
 
 
 6
 Boyers raises numerous other challenges to the Commissioner's decision. However, it is Boyers's burden to establish that she was entitled to benefits. Boyes v. Secretary of Health and Human Servs., 46 F.3d 510, 512 (6th Cir.1994). The very scant medical evidence in the record simply does not establish that Boyers was unable to perform her past relevant work. See Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir.1987).
 
 
 7
 Accordingly, we affirm the district court's order.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation