91 F.3d 143
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy GRANT, Jr., Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-3157.
 United States Court of Appeals, Sixth Circuit.
 July 17, 1996.
 
 Before: KEITH, NELSON, and SILER, Circuit Judges.
 SILER, Circuit Judge.
 
 
 1
 Plaintiff Jimmy Grant, Jr. appeals the grant of summary judgment in favor of the Commissioner of Social Security, who had denied Grant's request for benefits. For the reasons stated hereafter, we affirm.
 
 
 2
 Grant applied for supplemental security income on October 4, 1989 and was denied benefits. An Administrative Law Judge (ALJ) found that although Grant had asthma, chronic obstructive pulmonary disease, seizure disorder, and mild pancreatitis, he was not disabled and could perform his past relevant work. The Appeals Council remanded the matter to the ALJ. A new ALJ was assigned; the matter was remanded to the Bureau of Disability Determination for an evaluation of an alleged mental disorder. Grant went to a clinical psychologist for a mental status evaluation and was denied benefits a second time. The ALJ affirmed the denial of benefits despite finding that Grant had impairments due to alcohol abuse, pancreatitis, seizure disorder, asthmatic bronchitis, and antisocial and schizoid traits. The ALJ determined that Grant's condition did not preclude him from performing his past relevant work as a telephone solicitor/supervisor. The Appeals Council denied Grant's request for review. Grant subsequently filed his complaint with the district court, which granted summary judgment to the Commissioner.
 
 
 3
 The findings of the ALJ are conclusive so long as the district court can find substantial evidence to support them. "Substantial evidence is that which is greater than a scintilla but less than a preponderance. In essence, substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).
 
 
 4
 The claimant has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability as defined in 42 U.S.C. § 423(d)(1)(A). Establishing a disability requires a five-step sequential evaluation. Bowen v. Yuckert, 482 U.S. 137, 142 (1987). The sequence is as follows: 1) an individual who is working will not be found to be "disabled" regardless of medical findings; 2) an individual who does not have a "severe impairment" will not be found to be "disabled"; 3) if the severe impairment "meets or equals" a listed impairment in Part 404, Subpart P, Appendix 1 of the regulations ("the Appendix"), a finding of "disabled" will be made without a consideration of vocational factors; 4) if an individual is capable of performing work he has done in the past, a finding of "not disabled" must be made; 5) the court must consider other factors to determine if other work can be performed. Id.; see Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir.1990). A finding of "not disabled" or "disabled" pursuant to the sequence is dispositive.
 
 
 5
 The ALJ found that Grant was not working and that he had severe impairments, thereby enabling Grant to overcome the first two hurdles. The ALJ found that the impairments did not amount to those listed in the Appendix, thus requiring an analysis of the vocational factors. The ALJ found that Grant could perform both his past relevant work and other jobs. Consequently, the ALJ concluded that Grant was ineligible for SSI. On appeal, Grant cites two errors in the ALJ's decision. First, he suggests that the ALJ did not consider that the cumulative effects of his impairments rendered him disabled. Second, he contends that the combination of the impairments rendered him functionally unable to engage in any substantial gainful activity.
 
 
 6
 Grant suggests that the combination of his impairments is equivalent in severity to medical conditions deemed to be presumptively disabling and listed in the Appendix. See 20 C.F.R. §§ 404.1520(d), 404.1523; see also Walker 980 F.2d at 1071 ("[T]he ALJ is to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity to render the claimant disabled."). It is Grant's burden to bring forth evidence to establish that he meets or equals a listed impairment. Evans v. Secretary of Health & Human Servs., 820 F.2d 161, 164 (6th Cir.1987). To carry his burden, Grant suggests that his ailments resemble that of a substance addiction disorder, which is listed in the Appendix. See 20 C.F.R. § 404, subpt. P, app. 1, § 12.09.
 
 
 7
 To qualify under § 12.09, an applicant must show that he has any of the following conditions: organic mental disorders, depressive syndrome, anxiety disorders, personality disorders, peripheral neuropathies, liver damage, gastritis, pancreatitis, or seizures. Id. While evidencing symptoms under five of the nine conditions available to one with a substance addiction disorder, Grant conceded that he could not meet the requirements of any of these conditions. To supplement the list, Grant put on evidence that his usage of alcohol interfered with his day-to-day activities, Smith v. Secretary of Health & Human Servs., 893 F.2d 106, 110 (6th Cir.1989), and he cited objective medical evidence that corroborated his allegations of disabling pain, McCoy v. Chater, 81 F.3d 44, 47 (6th Cir.1995). He contends that the combinations of the symptoms approximating those of the Appendix listings, coupled with his pain and alcohol abuse, should be enough to match a disability under the Appendix listings.
 
 
 8
 The ALJ considered all of Grant's physical and mental impairments and found that none of the impairments, alone or in combination, those listed in the Appendix and those not listed in the Appendix, rendered him disabled. Cf. Walker, 980 F.2d at 1071 (remanding because ALJ failed to consider the cumulative effects of the impairments). For support, the ALJ cited the findings of several physicians. During the hearing, an internal medicine specialist concluded that none of Grant's physical impairments met or equalled those listed in the Appendix. A psychiatrist concluded that Grant's mental impairments did not reach the levels of those in the Appendix and that Grant's usage of alcohol did not render serious interference with his normal, daily activities. A psychiatric review indicated that Grant had only slight restrictions in his activities of daily living and only slight difficulties in maintaining social functioning. Grant himself testified that he occasionally cooked, vacuumed, made his own bed, travelled, fed himself, dressed himself, and bathed himself. Other testimony and record evidence showed that Grant's seizures were under "fairly good control," that Grant's pain was temporary or "baseline" for his condition, and that Grant did not regularly take pain relievers.
 
 
 9
 Substantial evidence supported the ALJ's findings that Grant's disability was not medically equivalent to those conditions listed in the Appendix. Even in cases in which a claimant has had a condition that came close to meeting an Appendix listing accompanied by other impairments, this court has refused to disturb the Secretary's findings on medical equivalence. See, e.g., Dorton v. Heckler, 789 F.2d 363, 366 (6th Cir.1986); Price v. Heckler, 767 F.2d 281, 284 (6th Cir.1985). Thus, the district court did not err in upholding the ALJ's decision.
 
 
 10
 Grant also takes issue with the ALJ's vocational findings. It is the claimant's burden to show an inability to return to any past relevant work. Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980). Past work is generally considered "relevant" when it was performed within the last fifteen years, it lasted long enough for an individual to learn it, and it was substantial gainful activity. 20 C.F.R. §§ 404.1565(a), 416.965(a). The relevant inquiries are whether Grant can return to his past type of work rather than just his past job, Studaway v. Secretary of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir.1987), and whether Grant's past job should be considered "relevant." See Boyes v. Secretary of Health & Human Servs., 46 F.3d 510, 512 (6th Cir.1994).
 
 
 11
 In the instant case, the ALJ found that Grant
 
 
 12
 has the residual functional capacity to perform light work with additional limitations that he avoid climbing, exposure to unprotected heights or dangerous machinery, or driving industrial vehicles and that he work in a clean environment in a controlled temperature, performing simple, repetitive tasks. [Grant's] past relevant work as a telephone solicitor/supervisor did not require him to exceed these limitations.
 
 
 13
 Grant suggests that in making this finding, the ALJ did not consider the opinion of Dr. Leidel that Grant "probably would not be able to deal with the public." Grant argues that because a telephone solicitor inherently must "deal with the public," the ALJ's finding that he could return to his past relevant work was clear error.
 
 
 14
 The ALJ's decision was supported by the testimony of a vocational expert (VE). When asked a hypothetical question assuming Grant's age, education, work experience, and residual functional capacity, the VE testified that "such an individual could perform vocationally relevant past work as a telephone solicitor/operator."[1] In that Grant bears the burden of proof that he could not perform vocationally relevant past work, the ALJ's finding was not in error.
 
 
 15
 Finally, Grant alleges that the solicitor's job is not "relevant" because he worked in a sheltered workshop.[2] Grant bears the burden of proof to show that his past job should not be considered relevant; there is a "presumption" that the work he did constituted substantial gainful activity. See Boyes, 46 F.3d at 512.
 
 
 16
 Grant testified that other employees at his former worksite were handicapped and that his seizures and asthma made him eligible to work under special conditions. Grant also testified, however, that he was paid six dollars an hour, that other employees at Torch Products were compensated at the same level, and that he received unemployment compensation. This information indicated to the VE that Torch Products was not a sheltered workshop. Grant did not present evidence that he was physically limited in his work at Torch Products. Cf. Boyes, 46 F.3d at 512 (finding that claimant, in his prior job, had limited productivity, required constant supervision, and had specially arranged transportation, thereby destroying the presumption that his work was substantial gainful activity). As the burden is on Grant to show that his prior job was not substantial gainful activity, the ALJ's determination that Grant's job as a telephone solicitor was appropriate relevant past work was not in error.[3]
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 The VE's testimony was equivocal when confronted with the public contact aspect: "Well, it depends on how you want to define public contact. The telephone solicitor position is still very simple. It, however, does have public contact albeit through a telephone." Even considering this answer, the finding that Grant could perform his relevant past work was amply supported
 
 
 [2]
 Grant alleges that the telephone solicitor position was with a federally licensed entity that could hire handicapped persons at a rate below minimum wage and thus could not be considered gainful activity
 
 
 [3]
 As the ALJ did not err in finding that Grant could perform his past work, there is no need to consider whether the ALJ erred in its determination that Grant would be able to perform other jobs