**Rush Lee DAVIS, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

No. 00–CV–10010–BC.

United States District Court,
E.D. Michigan,
Northern Division.

March 14, 2001.

Lewis M. Seward, Seward, Tally, Bay City, MI, for plaintiff.

Mary S. Rigdon, United States Attorney's Office, Detroit, MI, for defendant.

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LAWSON, District Judge.

Plaintiff has filed a complaint seeking review of an agency decision denying his appeal following the termination of his supplemental security income (SSI) benefits. Plaintiff had been receiving supplemental security income benefits after previously having been adjudicated disabled due to drug addiction or alcoholism. However, in 1996 Congress amended the Social Security Act to deny benefits to individuals for whom alcoholism or drug addiction was a "material factor" to the determination of disability. *See* P.L. No. 104–121, § 105(b)(1) (Amending Title XVI of the Social Security Act). The Administrative Law Judge found that, absent consideration of plaintiff's disability due to alcoholism, the plaintiff had the residual functional capacity to perform a limited number of sedentary jobs that existed in the regional and national economy and concluded, therefore, that the plaintiff was not disabled, and sustained the termination of plaintiff's SSI benefits. Both parties have filed motions to reverse the findings of the Commissioner and remand. The plaintiff seeks a remand for an award of benefits, and the defendant seeks a remand for further proceedings. Because there are no factual issues to be decided, and because the administrative record establishes plaintiff's disability, the Court shall reverse the findings of the Commissioner and remand for an award of benefits.

## I.

In 1996, Congress passed the Contract with America Advancement Act of 1996 which amended portions of the Social Security Act which defined disability for purpose of Title II and Title XVI benefits. Pub.L. 104–121 §§ 105(a)(1), 105(b)(1), 110 Stat. 847, 852–53 (1996) (codified at 42 U.S.C. §§ 423(d)(2)(c), 1382c(a)(3)(J) (West Supp.2000)). Section 105 of that legislation, entitled "Denial of Disability Benefits to Drug Addicts and Alcoholics," states that

[a]n individual shall not be considered to be disabled for the purposes of this Title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

Regulations promulgated pursuant to this amendatory legislation prescribe a *sine qua non*, or "but for," test for determining whether alcoholism or drug addiction is a "contributing factor material" to a claimant's disability. If the claimant would still be disabled after he or she stopped using drugs or alcohol, then drug or alcohol abuse is not a contributing factor material to the disability. However, if the claimant's limitation is not disabling absent the abuse of alcohol or drugs, then the drug or alcohol abuse is a material contributing factor which precludes a finding of disability for the purpose of determining entitlement to benefits. *See* 20 C.F.R. §§ 416.935(b)(2)(i) & (ii).

The claimant in this case is 51 years old and was 48 years old at the time of his last administrative hearing. He had been receiving SSI benefits for an unknown period of time due to disability resulting from alcohol and drug abuse. He had not worked during the previous fifteen years,

and he had completed the ninth grade attending special education classes. The claimant's SSI benefits were terminated as of January 1, 1997 as a result of the 1996 amendments to the Social Security Act.

The claimant filed an application for SSI benefits on October 16, 1996, which was denied initially and on reconsideration. Administrative Law Judge (ALJ) John A. Ransom conducted a *de novo* hearing on June 1, 1998. On June 25, 1998 ALJ Ransom found that the plaintiff was not disabled. ALJ Ransom employed the five-step sequential process prescribed by the Commissioner, 20 C.F.R. § 404.1520, concluding that the plaintiff had not engaged in substantial gainful activity since March 29, 1996 (step one); plaintiff suffered from post-traumatic stress disorder, low intellectual functioning, coronary artery disease and high blood pressure, in addition to alcohol abuse, and these limitations were "severe" (step two); there was no evidence that the plaintiff's impairment or combination of impairments met or equaled one of the impairments listed in the regulations (step three); and plaintiff did not have any past relevant work experience (step four).

At step five, ALJ Ransom found that, absent claimant's "history of drug and alcohol abuse," the claimant had the residual functional capacity to perform a restricted range of sedentary and light unskilled work and that there were a significant number of those jobs in the national and regional economy. The ALJ, therefore, found that the plaintiff was not disabled and denied benefits.

The Appeals Council denied review and the ALJ's decision became the final decision of the Commissioner on January 18, 2000. Plaintiff filed a complaint in this court seeking review of the decision on that same date.

The case was referred to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). The plaintiff filed a motion for summary judgment seeking a remand to the Commission for an award of benefits. The defendant, Social Security Commissioner, filed a motion to reverse the findings of the ALJ and to remand for further proceedings. The Magistrate Judge filed a Report and Recommendation on August 28, 2000 recommending that the plaintiff's motion for summary judgment be denied and the defendant's motion to reverse the Commissioner and remand for further proceedings be granted. The plaintiff filed timely objections to the Report and Recommendation to which the defendant has responded, and the plaintiff has filed a reply. The matter is now before this Court for a *de novo* review.

## II.

On June 26, 1998, the day after the ALJ's decision in this case, the plaintiff filed a new application for SSI benefits. The state agency, the Disability Determination Service (DDS), found that the plaintiff was disabled and awarded SSI benefits beginning February 10, 2000.[1] That award was amended to provide for an onset date of June 26, 1998. The DDS, through Dr. Ronald Fine, a psychiatrist, determined that the plaintiff had a full scale intelligence quotient (I.Q.) of 59 and that drug abuse and alcoholism were not material to his low intellectual functioning, and therefore the plaintiff's impairment met a listing in the regulations. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(B). The case before the Court

1. The social security system established by Congress is comprised of an administrative level at which claims are adjudicated, and a judicial level at which administrative decisions are reviewed by the federal courts solely to determine if they are within statutory authority and are not arbitrary and capricious. *See Sullivan v. Zebley*, 493 U.S. 521, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990). At the administrative level, the state agency, pursuant to authority delegated by the Social Security Administration, makes the initial determination and processes the first appeal. *See Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

presents the issue of the plaintiff's disability, therefore, for the closed period of October 16, 1996 through June 25, 1998. The defendant argues that this case should be remanded to the Commission for further consideration in light of the new evidence of plaintiff's disability. The defendant contends that a remand for further consideration is appropriate pursuant to sentence 4 of 42 U.S.C. § 405(g), and denies that the record at this point warrants a remand for an award of benefits. The plaintiff contends that the record contains uncontroverted evidence showing that the plaintiff has a listing-level impairment, and also that the plaintiff can be found to be disabled by proper application of the Medical Vocational Guidelines.

■ The plaintiff has the burden to prove that he is disabled and therefore entitled to benefits. *Boyes v. Secretary of Health and Human Servs.*, 46 F.3d 510, 512 (6th Cir.1994); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir.1990). Under 42 U.S.C. § 1382c(a)(3)(A) & (B), a person is disabled if he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" and the impairment is so severe that the person "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Further, "a physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

■ To determine disability, the Commissioner has prescribed the five-step sequential process noted above and set forth in 20 C.F.R. § 404.1520. However, if the plaintiff has satisfied his burden through the first four steps in the analytical process, the burden shifts to the Commissioner to establish that the plaintiff possesses the residual functional capacity to perform other substantial gainful activity. *Varley v. Secretary of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir.1987). *See also Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980). "To meet this burden, there must be a finding supported by substantial evidence that plaintiff has the vocational qualifications to perform specific jobs." *Varley*, 820 F.2d at 779 (internal quotes and citations omitted).

■ The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla of evidence. It means such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Lashley v. Secretary of Health and Human Servs.*, 708 F.2d 1048, 1053 (6th Cir.1983) (citations omitted). The reviewing court must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997). This Court may not base its decision on a single piece of evidence and disregard other pertinent evidence when evaluating whether substantial evidence in the record exists. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir.1978). Thus, where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir.1989). The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the Courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986) (en banc) (internal quotes and citations omitted). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984).

■ However, a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Id.* at 388 (internal quotes and citations omitted). *See also Laskowski v. Apfel,* 100 F.Supp.2d 474, 482 (E.D.Mich.2000).

■ Listing 12.05 states:

Mental Retardation and Autism: Mental Retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental period (before age 22). (Note: the scores specified below refer to those obtained on the WAIS, and are used only for reference purposes. Scores obtained on other standardized and individually administered tests are acceptable, but the numerical values obtained must indicate a similar level of intellectual functioning.) . . .

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

.　　.　　.　　.　　.

B. A valid verbal, performance, or full scale I.Q. of 59 or less . . . .

20 C.F.R. Pt. 404 Subpt. P, App. 1, § 12.05(B).

The administrative record in this case contains the results of three I.Q. tests taken by the plaintiff. Two of them were administered under the supervision of Dr. Margaret K. Cappone, a psychologist. The first of these tests was taken on November 19, 1996 and resulted in a verbal I.Q. of 57, performance I.Q. of 59, and full scale I.Q. of 53. The second was administered on December 23, 1996 and yielded scores of verbal—58, performance—62, and full scale—56. Dr. Cappone believed both of these tests were invalid because she thought that plaintiff did not put forth the necessary effort to achieve success. The ALJ presumably disregarded these results based on Dr. Cappone's opinion.

However, the administrative record also contains an extensive work-up by Gerard R. Williams, a psychologist, which includes the results of an I.Q. test administered on January 25, 1998 showing verbal—61, performance—60, and full scale—56. Dr. Williams concluded that the test results were "an accurate portrayal of this patients' [sic] current level of cognitive functioning." Tr. at 246. The results were also consistent with other testing administered under the supervision of Dr. Williams. There is no suggestion in the report that alcoholism or drug abuse affected the test results or otherwise caused plaintiff's low intellectual functioning.

Although this information was before the ALJ, he did not comment on why the January 25, 1998 test results were disregarded or why they did not establish a listing-level impairment. The Court does not view these results as conflicting with the results of the tests administered by Dr. Cappone. Dr. Cappone declared her test results invalid; however, those tests did not establish an I.Q. above 59. In fact, in Dr. Cappone's opinion is accepted, they established no results at all. The *only* evidence in the administrative record is that plaintiff's full scale I.Q. is below 59. In *Branham v. Heckler,* 775 F.2d 1271 (4th Cir.1985), the Court of Appeals declared that mental retardation, as determined in that case by I.Q. test results, was a "life long condition." *Id.* at 1274. There is no evidence in this record that the condition in plaintiff was transient, had a recent onset, or was influenced by ingestion of alcohol or drugs. Notably, Dr. Williams' report indicated that plaintiff had not consumed alcohol within 24 hours of the testing. Tr. at 244.

The Court concludes that the factual record in this case is complete, and that there is no new "evidence" to be present-

ed. Dr. Fine's determination of disability is a conclusion that was made based on existing evidence covering a period which is not at issue in this case. There is *no* evidence in the administrative record, however, establishing plaintiff's I.Q. above the range defined by listing 12.05(B). Accordingly, substantial evidence does not exist in this record supporting the ALJ's step-three finding.

### III.

■ The Court agrees with the parties that the case must be remanded to the Commission. The Court must determine, therefore, whether the matter should be remanded to the agency for further consideration as the defendant contends, or whether a remand for an award of benefits is warranted as urged by the plaintiff. Although the plaintiff argues that the evidence in the record conclusively establishes the plaintiff's disability both because he meets a listing-level impairment and upon proper application of the medical vocational guidelines, the defendant contends that this Court must remand to permit the Commissioner to consider the evidence in light of the DDS determination of disability on plaintiff's subsequent application for benefits which was not before the ALJ. In *Faucher v. Secretary of Health and Human Servs.,* 17 F.3d 171 (6th Cir.1994), the Court of Appeals held:

> If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits.

*Id.* at 176.

■ In that case, an adult plaintiff had applied for Social Security disability insurance benefits on the basis of knee and wrist problems, numbness in the fingers of his right hand, high blood pressure, high cholesterol, cancer surgery and depression. Benefits were denied on the basis of the testimony of a vocational expert who identified several thousand sedentary jobs that an individual with plaintiff's residual functional capacity could perform. The expert's opinion was based upon a hypothetical question that did not incorporate the plaintiff's obesity and emotional impairments. The district court determined that the hypothetical question was improper, and therefore the ALJ's denial of benefits was not based on substantial evidence. The district court also concluded that it was unable to remand for taking new and additional evidence because of the limitation contained in sentence six of 42 U.S.C. § 405(g) which conditions a remand on a showing of good cause. Rather, the district court remanded for an award of benefits. On appeal, the Court of Appeals agreed that sentence six of § 405(g) requires the Secretary to establish good cause as a prerequisite to a remand. However, a post-judgment remand for further proceedings is authorized under sentence four of § 405(g). *See Melkonyan v. Sullivan,* 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

The Court of Appeals in *Faucher* agreed that the Commissioner's decision was not supported by substantial evidence, but concluded that a remand for benefits was inappropriate in that case. The Court reasoned that the record was incomplete because the correct hypothetical question was never posed to the vocational expert. The witness was never given an opportunity to respond to a question that incorporated not only plaintiff's physical impairments but also the severity of his emotional impairments, and the record contained conflicting evidence on the severity of plaintiff's emotional impairments. The Court observed that the district court had acknowledged that "it was not known whether plaintiff might be capable of performing a significant number of jobs in the national economy that would accommodate his combined limitations." *Id.* at 176. The Court concluded, therefore, that "the case must be remanded to the ALJ

for further consideration of this issue." *Id.*

In *Mowery v. Heckler,* 771 F.2d 966 (6th Cir.1985), the plaintiff sought Social Security disability insurance benefits, which were denied at the agency level, and he did not prevail in the district court. He suffered from hypertension, headaches and dizziness, and aches and pains. He was forced to stop work as a construction laborer because of pain. He had worked several years earlier as a night watchman. His I.Q. was below-average. Psychological tests established that plaintiff was able to function only in construction and mining jobs, and an orthopedic examination showed that the plaintiff had limitation in movement which precluded that activity. The ALJ had denied benefits, concluding that plaintiff could perform light work, such as that of a night watchman, although there was evidence in the record that plaintiff had suffered a hearing loss and could only perform as a night watchman when assisted by his son and daughter. The Court of Appeals reversed the district court and remanded the case to the agency for an award of benefits. The Court held:

> The court finds it unnecessary to remand the case to the Secretary for further evaluation. In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking.

*Id.* at 973.

In this case, the question becomes whether the record is adequate on the issue of whether drug abuse and alcoholism is not material to plaintiff's low intellectual functioning and other impairments. If it is, then this Court must determine whether the evidence of non-materiality of drug and alcohol abuse is overwhelming, or the evidence is strong and contrary evidence is lacking.

The Court finds that there is no evidence in this record that the plaintiff's low intellectual functioning is caused or exacerbated by drug or alcohol abuse. In other words, if plaintiff were to stop drinking and using drugs, he would still suffer from low intellectual functioning. Alcohol and drug abuse, therefore, are not contributing factors material to plaintiff's disability. *See* 20 C.F.R. § 416.935(b)(2)(i) & (ii).

There is an adequate record in this case, proof of plaintiff's disability is strong, and there is no evidence contradicting the fact that plaintiff's impairment meets the requirements of listing 12.05(B).

### IV.

For the reasons stated, the Court declines to adopt the Report and Recommendation of the Magistrate Judge. It is **ORDERED** that the plaintiff's motion for summary judgment [dkt. no. 13] is **GRANTED,** and the defendant's motion for summary judgment [dkt. no. 16] is **DENIED.** The decision of the Commissioner is **REVERSED,** and the case is remanded to the Social Security Administration for an award of benefits.